UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY LEY, RONDALD VIERK, GEORGE AGAPIOS, and LUELLA BANGURA, | ) ) ) ) |
| Plaintiffs, | ) Cause No. 1:16-cv-1908 RLY-MJD ) |
| VS. | ) ) |
| GARY L. WHISENAND, *ET AL.,* | ) ) |
| Defendants. | ) |

## **NOTICE OF APPEAL**

Notice is hereby given that Larry Ley, Plaintiff in the above-captioned case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment of the District Court entered on the 8th day of March, 2019.

Respectfully submitted,

/s/ *James R. Fisher*
James R. Fisher, 6847-49
MILLER & FISHER, LLC
8900 Keystone Crossing
Suite 1080
Indianapolis, IN 46240

ATTORNEY FOR PLAINTIFF:

Larry Ley

1

**CERTIFICATE OF SERVICE**

I certify I filed this document electronically using the Court's CM/ECF system and is available to all counsel of record using the same, or that a copy of the foregoing has been served on all attorneys of record by depositing the same in the U.S. Mail on the 3rd day of April, 2019 and addressed as follows:

Shelese M. Woods
Office of the U.S. Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN 46204

Jeffrey S. McQuary
Brown Tompkins Lory
608 East Market Street
Indianapolis, IN 46202

James S. Stephenson
Stephenson Morrow & Semler
3077 E. 98th Street, Suite 240
Indianapolis, IN 46280

James R. Fisher
Miller & Fisher, LLC
8900 Keystone Crossing, Suite 1080
Indianapolis, IN 46240

*/s/ James R. Fisher*, #6847-49

MILLER & FISHER, LLC
8900 Keystone Crossing
Suite 1080
Indianapolis, IN 46240
317-536-7576
Facsimile: 317-536-7579
fisher@millerfisher.com

| | |
|---|---|
| LARRY LEY, RONDALD VIERK, GEORGE AGAPIOS, and LUELLA BANGURA, | ) ) ) ) |
| Plaintiffs, | ) Cause No. 1:16-cv-1908 RLY-MJD |
| | ) |
| VS. | ) ) |
| GARY L. WHISENAND, *ET AL.,* | ) ) |
| Defendants. | ) |

## DOCKETING STATEMENT

1) Appellant in this appeal is plaintiff Larry Ley. Dr. Ley will be represented in the Court of

Appeals by the following counsel:


James R. Fisher (counsel of record)
Debra H. Miller
MILLER & FISHER, LLC
8900 Keystone Crossing, Suite 1080
Indianapolis, Indiana 46240
317-536-7576
fisher@millerfisher.com


2) The following were counsel of record for all other parties in the District Court:


| James Stephenson | Shelese Woods |
|---|---|
| Stephenson Morrow & Selmer | Office of the U.S. Attorney |
| 3077 E. 98th Street, Suite 240 | 10 W. Market Street, Suite 2100 |
| Indianapolis, IN 46280 | Indianapolis, IN 46204 |
| 317-844-3830 | 317-229-2416 |
| jstephenson@stephlaw.com | Shelese.woods@usdoj.gov |
| *Attorney for Defendants:* | *Attorney for Defendant:* |
| *City of Carmel and Aaron Dietz* | *United States* |

Jeff McQuary
Brown Tompkins Lory
608 E. Market Street
Indianapolis, IN 46202
317-631-6866
jmcquary@btlmlaw.com
*Attorney for Plaintiffs:*
*Ronald Vierk and Luella Bangura*

James Fisher
Miller & Fisher, LLC
8900 Keystone Crossing, Suite 1080
Indianapolis, IN 46240
317-536-7576
fisher@millerfisher.com
*Attorney for Plaintiff:*
*George Agapios*

3) Jurisdictional statement.

Jurisdiction in the District Court was based upon federal question jurisdiction. Plaintiff's claims were brought under the 4th, 5th and 14th Amendments to the U.S. Constitution. The Federal District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1333. Claims are also asserted under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Claims against the United States are pursuant to 28 U.S.C. § 1346 (b) and 28 U.S.C. § 2674. Claims against all defendants are made pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 to redress violations of plaintiffs' 4th and 5th and 14th Amendment rights. The trial court had supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367.

Summary judgment was entered in the District Court in favor of all defendants and against plaintiff Larry Ley on March 8, 2019. Final judgment was entered in favor of all defendants and against plaintiff/appellant Larry Ley also on March 8, 2019. A Notice of Appeal was filed on behalf of Dr. Ley on April 3, 2019. This is an appeal by right from a final judgment in a civil case pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure.

4) Related appeals.

A Notice of Appeal is also being filed in the District Court on behalf of the three other plaintiffs in this matter, Ronald Vierk, George Agapios and Luella Bangura.

A Notice of Appeal is also being filed in the same District Court on behalf of all of the plaintiff's in the companion case captioned Derek Tislow, Andrew J. Dollard, Yvonne S. Morgan, Cassy L. Bratcher, Joseph A. Mackey, Jessica Callahan, Eric W. Ley, and Felicia Reid v. Gary Whisenand, City of Carmel, Aaron Dietz, and the United States, Acting by and through its Drug Enforcement Administration. That case is cause number 1:16-CV-01721-RLY-MJD.

Because all three appeals arise from the arrests and prosecution of the Dorn clinic doctors and staff, there are substantial common facts and related issues of law which should be considered together on appeal. Separate appeals have been filed because of the existence of some significant factual and legal distinctions between each group of plaintiffs filing appeals.

Respectfully submitted,

/s/*James R. Fisher*
James R. Fisher, 6847-49
MILLER & FISHER, LLC
8900 Keystone Crossing
Suite 1080
Indianapolis, IN 46240

ATTORNEY FOR PLAINTIFF:

Larry Ley

<u>**CERTIFICATE OF SERVICE**</u>

I certify I filed this document electronically using the Court's CM/ECF system and is available to all counsel of record using the same, or that a copy of the foregoing has been served on all attorneys of record by depositing the same in the U.S. Mail on the 3rd day of April, 2019 and addressed as follows:

Shelese M. Woods
Office of the U.S. Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN 46204

Jeffrey S. McQuary
Brown Tompkins Lory
608 East Market Street
Indianapolis, IN 46202

James S. Stephenson
Stephensen Morrow & Semler
3077 E. 98th Street, Suite 240
Indianapolis, IN 46280

James R. Fisher
Miller & Fisher, LLC
8900 Keystone Crossing, Suite 1080
Indianapolis, IN 46240

*/s/ James R. Fisher*, #6847-49

MILLER & FISHER, LLC
8900 Keystone Crossing
Suite 1080
Indianapolis, IN 46240
317-536-7576
Facsimile: 317-536-7579
fisher@millerfisher.com

| | | |
|---|---|---|
| DEREK S. TISLOW, | ) | |
| ANDREW J. DOLLARD, | ) | |
| YVONNE S. MORGAN, | ) | |
| CASSY L. BRATCHER, | ) | |
| JOSEPH A. MACKEY, | ) | |
| JESSICA CALLAHAN, | ) | |
| ERIC W. LEY, and | ) | |
| FELICIA REID, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:16-cv-01721-RLY-MJD |
| | ) | |
| GARY WHISENAND, | ) | |
| CITY OF CARMEL, | ) | |
| AARON DIETZ, and | ) | |
| THE UNITED STATES, Acting by and | ) | |
| through its Drug Enforcement Administration, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| HAMILTON COUNTY PROSECUTOR'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Interested Party. | ) | |

| | | |
|---|---|---|
| LARRY LEY, | ) | |
| RONALD VIERK, | ) | |
| GEORGE AGAPIOS, and | ) | |
| LUELLA BANGURA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:16-cv-01908-RLY-MJD |
| | ) | |
| GARY WHISENAND, | ) | |
| CITY OF CARMEL, | ) | |

| | |
|---|---|
| AARON DIETZ, and | ) |
| UNITED STATES, Acting by and through its | ) |
| Drug Enforcement Administration, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| HAMILTON COUNTY PROSECUTOR'S | ) |
| OFFICE, | ) |
| | ) |
| Interested Party. | ) |

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

In August of 2013, law enforcement officials began investigating Dr. Larry Ley and his two addiction treatment companies, Living Life Clean, LLC ("Living Life") and Drug Opiate Recovery Network, Inc. ("DORN"), after the death of one of his patients. The investigation uncovered several complaints related to Dr. Ley's treatment and prescribing of Suboxone, a drug used to treat opiate addictions. The investigation eventually culminated into twelve separate arrests and a media firestorm. As successful as the investigation was for law enforcement, the ensuing prosecution was anything but: several of the charges were dismissed early on and then the state trial court acquitted Dr. Ley of all charges. In the face of these results, the prosecutor dismissed the remaining charges against the rest of the defendants.

Now in this court, Dr. Ley and his former staff seek redress for the government's failed prosecution. They allege law enforcement falsely arrested and maliciously prosecuted them resulting in the destruction of their careers and reputations. Gary Whisenand, Aaron Dietz, the City of Carmel, and the United States (collectively "Defendants") have all moved for summary judgment. As will be explained below,

probable cause supports the warrants used in connection with Plaintiffs' arrests. Defendants therefore are entitled to summary judgment.

## I.     Background

### A.     Dr. Ley and the DORN Clinic

This case primarily concerns Dr. Ley's treatment of opiate addicts. Dr. Ley graduated from medical school in 1971 and has worked in a variety of medical capacities around central Indiana. (Filing No. 184-30, Deposition of Larry Ley ("Ley Dep.") at 9:21 – 10:24).[1] He is board certified in addiction medicine by the American Society of Addiction Medicine. (*Id.* at 12:20 – 13:6; 14:5 – 8). In 2002, he founded Living Life, a company dedicated to treating alcohol abuse. (*Id.* at 14:21 – 24; 15:12 – 15). Dr. Ley operated Living Life out of four offices located throughout central Indiana: Centerville,[2] Noblesville, Muncie, and Kokomo. (*Id.* at 14:9 – 13). Shortly after creating Living Life, Dr. Ley began prescribing Suboxone, which is a drug used to treat opiate addictions. (*Id.* at 15:23 – 25; *see also* Filing No. 184-1, National Drug Intelligence Center Bulletin at 1 – 2).

A few years later, Dr. Ley decided to expand his practice. In 2007, Dr. Ley changed the name of Living Life to DORN. (Ley Dep. at 16:14 – 22). He opened an office in Carmel, Indiana, and he continued operations at the four other satellite offices throughout the state. (*Id.* at 16:13 – 15; 18:11 – 14). Dr. Ley would see all patients for

---

[1] Because of the overlap in evidence, the court cites evidence only from *Tislow et al. v. Whisenand et al.*, No. 1:16-cv-01721-RLY-MJD.

[2] It appears that the Centerville office is sometimes referred to as the Richmond office.

their initial consultation at the Carmel office. (*Id.* at 18:22 – 25). For follow up appointments, patients were then assigned to the office located closest to their home. (*Id.* at 14:14 – 20; 19:1 – 9). Dr. Ley primarily worked at the offices located in Carmel, Noblesville, and Muncie. (*Id.* at 20:23 – 21:3). Other physicians staffed the satellite offices: Dr. Ronald Vierk worked at the Centerville location; Dr. Luella Bangura worked at the Kokomo location; and Dr. George Agapios worked at the Carmel location on Saturdays. (*Id.* at 20:14 – 22).

Several support staff assisted the DORN clinics. Yvonne Morgan assisted at the Muncie and Carmel clinics and directed the Centerville clinic. (Filing No. 159-41, Deposition of Yvonne Morgan at 16:25 – 17:6). She performed clerical work for DORN: answered the phone, conducted drug screens, and handed patients their prescriptions. (*Id.* at 18:4 – 14). Derek Tislow worked at the Noblesville, Carmel, and Kokomo offices. (Filing No. 159-46, Deposition of Derek Tislow at 49:2 – 5). He conducted urine screens, handed out prescriptions, and took cash. (*Id.* at 50:10 – 22). Eric Ley helped manage the Carmel and Kokomo offices. (Filing No. 159-47, Deposition of Eric Ley at 23:24 – 24:4). Felicia Reid assisted at the Kokomo office by seeing patients for their biweekly appointments on Wednesdays, and Joseph Mackey helped by monitoring the crowds in the parking lot. (Filing No. 159-40, Deposition of Felicia Reid at 15:11 – 23; Filing No. 159-42, Deposition of Joseph Mackey at 10:3 – 21). Jessica Callahan managed the Muncie office, and Cassy Bratcher managed the Carmel office. (Filing No. 159-43, Deposition of Jessica Callahan at 13:4 – 12; Filing No. 159-45, Deposition of Cassy Bratcher at 17:21 – 22). Andrew Dollard managed the Noblesville office. (Filing

No. 159-44, Deposition of Andrew Dollard at 20:9 – 12). Part of his tasks included handing out prescriptions even when no doctors were present. (*Id.* at 26:12 – 15).

## B. Controlled Substance Laws

The state of Indiana, like the rest of states, criminalizes dealing in a controlled substance. *See* Ind. Code § 35-48-4-2. Under Indiana law, any "person who: (1) knowingly or intentionally . . . (C) delivers; or (D) finances the delivery of; a controlled substance . . . classified in schedule I, II, or III . . . commits dealing . . . a level 6 felony." *Id.* Buprenorphine, the primary drug component in Suboxone, is a Schedule III drug. Ind. Code § 35-48-2-8(e)(7). Indiana law proscribes unlawful conspiracies and corrupt business influence. *See* Ind. Code § 35-41-5-2 (conspiracy statute); *see* Ind. Code § 35-45-6-2 (RICO statute).

Indiana also limits the prescribing authority of medical practitioners in several ways. Medical practitioners must have a legitimate medical purpose when issuing prescriptions for controlled substances. 856 Ind. Admin. Code 2-6-3(a). They must issue only a quantity that is necessary and must also be acting in the usual course of their professional practice. *Id.* Practitioners that issue prescriptions for controlled substances outside the scope of their professional practice or without a legitimate medical purpose are subject to the state's criminal laws related to controlled substances. *Id.*; *see also Alarcon v. State*, 573 N.E.2d 477, 480 (Ind. Ct. App. 1991) (holding Indiana's dealing statutes apply to licensed physicians who issue unlawful prescriptions). Additionally, physicians may not provide controlled substances to a person whom they have never personally examined or diagnosed subject to a few exceptions. *See* 844 Ind. Admin.

5

Code 5-4-1(a).  Prescriptions for controlled substances must ordinarily be signed and dated on the day when issued.  856 Ind. Admin. Code 2-6-4(a).

The federal government also regulates a physician's prescribing of controlled substances.  The Drug Addiction Treatment Act of 2000 ("DATA") limits the number of patients a physician may treat with buprenorphine for addiction.  *See* Drug Addiction Treatment Act of 2000, Pub. L. No. 106-310, 114 Stat. 1222 (codified in 21 U.S.C. § 823(g)).  During the relevant time frame, newly certified providers could treat thirty patients, and after one year, providers could treat up to one-hundred patients.  *Id.*; *see also* Alan Gordon & Alexandra A. Gordon, *Does it Fit?—A Look at Addiction, Buprenorphine, and the Legislation Trying to Make It Work*, 12 J. HEALTH & BIOMEDICAL L. 1, 15 – 17 (2016) (discussing DATA's physician requirements and regulations).  The cap only applies to addiction patients: those being treated for an off-label use, such as pain, are not counted towards the one-hundred patient limit.  (*See* Filing No. 153-2, Probable Cause Affidavit ("PC Aff.") at ¶ 25(b); *see also* Ley Dep. 26:10 – 17; 51:6 – 52:3).

### C.    The Investigation

In August of 2013, the Madison County Deputy Coroner contacted the Carmel Police Department to discuss the death of one of Dr. Ley's patients.  (Filing No. 159-35, Deposition of Sergeant Marc Klein ("Klein Dep.") at 15:19 – 21).  The Coroner informed Sergeant Marc Klein that the Deceased's family expressed concerns about the care that Dr. Ley provided to the Deceased.  (Klein Dep. at 16:5 – 17; *see also* Filing No. 159-37, Deposition of Gary Whisenand ("Whisenand Dep.") at 18:5 – 17).  The Madison County

Deputy Coroner also contacted Adam Deitz regarding the death. (Filing No. 159-36, Deposition of Adam Deitz ("Deitz Dep.") at 13:20 – 14:7). At the time, Deitz oversaw special investigations and worked as the director of the Hamilton/Boone County Drug Task Force. (*Id.* at 9:17 – 20).

Both Deitz and Klein began investigating Dr. Ley and DORN based on the information from the Deceased's family. Deitz coordinated information between Carmel Police Department and the Drug Enforcement Administration ("DEA"). (*Id.* at 15:1 – 4). Eventually, Sergeant Klein and DEA Agent Dan Gillen scheduled an interview with the Deceased's family. (*Id.* at 17:9 – 16).

The family explained that the Deceased had gone to Dr. Ley's office for six years to try and get help for his addiction problems. (*Id.* at 19:2 – 6). The family further explained that they had some concerns with Dr. Ley's treatment of the Deceased: he rarely went into the office, he wasn't being seen by Dr. Ley, other family members would pick up prescriptions for him, and he always paid in cash. (*Id.* at 20:1 – 7).

Around the same time as the interview, DEA began receiving complaints about DORN's practice. The complaints focused on the lack of medical care provided to patients and the ease with which patients could receive prescriptions for Suboxone without being seen by a DORN physician. (Filing No. 159-2, Nov. 15, 2013 Report of Investigation ("ROI") at 1). Based on the interview and complaints, on November 15, 2013, DEA opened an investigation into Dr. Ley and DORN. (*Id.*). The case was assigned to Gary Whisenand, a diversion investigator within DEA. (Whisenand Dep. at 25:18 – 23).

Whisenand began investigating past complaints about DORN from practitioners, pharmacists, and former patients. (*See* Filing No. 159-3, Nov. 26, 2013 ROI at 1; *see also* Filing No. 159-6, Dec. 2, 2013 ROI). Many, if not all, of the complaints criticized Dr. Ley and DORN for not providing any medical treatment and simply writing prescriptions for Suboxone. (*See* Nov. 26, 2013 ROI at 1 – 4). One complaint alleged that Dr. Ley and DORN prescribed Suboxone without a full medical evaluation:

> [Patient Jane Doe] claimed that on her initial visit, she and a few others received a few papers and a 15-minute group lecture from Dr. Ley. During the lecture, Ley asked each person what drug they were currently abusing. After paying $300 cash, Dr. Ley issued [Doe] a Suboxone prescription. Per [Doe], Ley did not conduct an exam nor was a urinalysis administered. Afterwards, [Doe] was scheduled to go to the DORN clinic in Centerville, Indiana, for a refill. [Doe] wrote "I think Dr. Ley should not be prescribing Suboxone! I would like to have the $300 back that I had to pay for him to do nothing more than give me a prescription."

(*Id.* at 3 (citing Indiana Attorney General Consumer Complaint Form date 12/14/11).

Physicians too expressed concern about Dr. Ley's practice:

> The physicians expressed concern to Investigators about the lack of medical care that Dr. Ley appeared to provide to addiction treatment patients. One physician noted that Dr. Ley operated carelessly as he did not usually conduct in-person follow-up visits with his chemically dependent patients. Another physician associated Dr. Ley with not providing adequate patient care and being more focused on profits rather than his patient's well-being.

(*Id.* at 1).

Several complaints also targeted Dr. Ley's satellite offices and the other practitioners. (*See e.g.* Filing No. 159-4, Dec. 18, 2013 ROI at 1). For example, law enforcement interviewed several Walgreen's pharmacists practicing in Kokomo, Indiana and heard similar complaints about DORN:

Pharmacists advised that a large number of Suboxone prescriptions originated from Dr. Ley's Kokomo practice every other Wednesday night. Per [p]harmacist[]s, on Wednesday nights, people "were lined up down the street" to obtain their prescriptions. Additionally, Walgreen's pharmacists had received the following complaints from patients about the practice:

> a) patients wait up to [90 minutes] to see the doctor.
> b) Patients were given a prescription but not evaluated medically.
> c) Buprenorphine or Suboxone prescriptions were being written for "chronic pain."
> d) Only cash was accepted at the practice.
> e) Unlike most practices, this medical practice was only open during the evening.

(Filing No. 159-4, Dec. 18, 2013 ROI at 1). Whisenand's review included a complaint from a Kokomo police officer who had worked security for DORN at the Kokomo office:

> Officer VanCamp stated that he never saw Dr. Ley at the Kokomo practice, only a female provider. Officer VanCamp further stated that there were "hundreds" of patients and all night long there was a line of up to 100 people waiting. Officer VanCamp believed he was hired for security to prevent robberies due to the business being cash only and to deal with disgruntled patients. After his first night of working security, Officer VanCamp stated he felt the practice was "sketchy" and opted to no longer work security for this practice.

(*Id.* at 2).

These complaints led Whisenand to conduct research on INSPECT, Indiana's Prescription Monitoring Program. (*See* Filing No. 159-7, Dec. 9, 2013 ROI). INSPECT is an online database that allows law enforcement to monitor the prescribing of controlled substances. *See generally Lundy v. State*, 26 N.E.3d 656, 658 – 59 (Ind. Ct. App. 2015) (describing INSPECT more thoroughly). INSPECT revealed that each DORN physician issued a high number of Suboxone prescriptions in the years 2011, 2012, and 2013. (*See* Dec. 9, 2013 ROI (Dr. Ley)); Filing No. 159-8, Jan. 14, 2014 ROI (Dr. Agapios)); Filing

No. 159-9, Jan. 23, 2014 ROI (Dr. Vierk)); Filing No. 159-10, January 27, 2014 ROI (Dr. Bangura)).

Part of the investigation also involved patient interviews and DEA-authorized surveillance of all four DORN offices. (PC Aff. ¶¶ 24, 39). On Dec. 16, 2013, a DEA task force officer interviewed a current DORN patient who described the environment at the Kokomo clinic:

> [Patient] informed the TFO that he has been a DORN patient for the past three years and that patients at the Kokomo office were coming from as far away as South Bend, Indiana. [Patient] stated that (sic) were major issues at the Kokomo office with people in the parking lot conducting drug deals and discussing how they were going to sell their medications. Additionally, [Patient] stated that patients were not being seen by the doctor at the Kokomo practice. [Patient] identified Dr. Bangura as the Kokomo doctor and claimed that he had only been seen by her one time in a year. Per [Patient], once inside the office, patients paid $80, obtained their prescriptions from an old lady at the front desk, and "you are pushed out the door." According to [Patient], prescriptions were pre-signed by either Dr. Bangura or Dr. Ley.

(PC Aff. ¶ 24). Some former patients expressed similar concerns, explaining that no exams or tests were performed at the clinics. (PC Aff. ¶¶ 28, 29, 30). DEA Surveillance of all four clinics confirmed many of these allegations. (*See* PC Aff. ¶¶ 39, 42, 43, 49, 59, 74, 75, 76).

### D.     Undercover Officers and Arrests

Whisenand decided to enlist the help of undercover officers upon the recommendation of Andre Miksha, one of the state prosecutors. (Filing No. 184-28, Deposition of Andre Miksha ("Miksha Dep.") at 30:10 – 31:3). Miksha felt that a firsthand account from inside was needed in order to prosecute the case. (*See id.*). On February 13, 2014, DEA obtained an order from Magistrate Judge Tim Baker of the

United States District Court for the Southern District of Indiana authorizing the use of undercover agents. (*See* Filing No. 159-13, Application and Order for Use of Undercover Agents).

On March 25, 2014, two DEA special agents posed as new patients at the Carmel office. (PC Aff. ¶ 104; *see also* Filing No. 159-30, Ex. B, Undercover Videos, 3/25/14 video). Cassy Bratcher, the office director, greeted the agents and told them to complete some paperwork. (*See* 3/25/14 video). She then directed the agents into a conference room. (*Id.*). Dr. Ley entered the room and discussed addiction treatment for about an hour. (*See id.*; *see also* PC Aff. ¶ 104). During the next hour, Dr. Ley questioned the patients in front of one another, asking what types of drugs they were taking, what doses they were taking, and whether they had any conditions causing pain. (*See* 3/25/14 video). At the end of the second hour, Dr. Ley prescribed Suboxone for "chronic pain/pain management" and directed the agents to the front to pick up their prescription. (PC Aff. ¶ 104). The clinic charged the agents three-hundred dollars ($300) for the office visit and prescription. (*Id.*). Dr. Ley also gave them the contact number for "Andrew" and assigned the agents to the Noblesville office for future appointments. (*Id.*).

The use of undercover agents for initial visits continued at the Carmel clinic, and the reports were the same: Dr. Ley conducted a two-hour group discussion; he did not conduct a physical exam or a comprehensive interview of any patient; and each patient left the clinic with a prescription of Suboxone after paying three-hundred dollars. (*Id.* ¶¶ 105, 106, and 107).

The undercover agents then reported to the various clinics for follow up appointments and corroborated many of the earlier findings in the investigation. The appointments generally spanned a very short time. (*Id.* ¶ 108 (Centerville - four minutes and forty-five seconds); ¶ 109 (Kokomo - thirteen minutes); ¶ 111 (Noblesville - four minutes); ¶ 114 (Carmel - under two minutes); ¶ 117 (Muncie - four minutes)). The agents received another prescription of Suboxone without being evaluated by a doctor. (*E.g. id.* ¶ 109). Many prescriptions had been pre-signed, and no doctors were present at the facility. (*E.g. id.* ¶ 108). The reasons for an additional prescription often changed without explanation—for example, one agent received a prescription of Suboxone for "dependency" even though his initial prescription was for "pain management". (*E.g. id.* at ¶ 116). Other than a urine screening, no physical exam was ever conducted. (*E.g. id.*).

DEA retained two medical doctors to give their opinions on Dr. Ley and DORN. (Whisenand Dep. 289:25 – 290:10; 293:16 – 24; *see also* PC Aff. ¶¶ 137 – 144). Dr. Tim E. King, a pain expert and practicing anesthesiologist, opined that it was unrealistic for a doctor to treat 80-100 patients in a three-hour period, and he stated it was highly unconventional to assume that one doctor could perform an initial pain or addiction evaluation and then assign the patient to another doctor for exclusive Suboxone treatment. (PC Aff. ¶ 139). Upon reviewing the tapes, Dr. King explained that the clinic was run as a "pill mill" and the controlled substances were not issued for a legitimate purpose or in the usual course of practice. (PC Aff. ¶ 140). Dr. R. Andrew Chambers, an associate professor of psychiatry at the Indiana University School of Medicine and practicing addiction treatment doctor, echoed Dr. King's opinions, saying it is unusual to

treat that volume of patients in that amount of time, and it was not normal for one doctor to conduct an initial evaluation and then "farm out" the subsequent ones. (PC Aff. ¶ 143). He too opined that the DORN clinic was an illegal dealing operation and stated that the physicians involved had "conspired to use their professional authorities and reputations, and the cover of medical practice an authority, to maximize financial gains at the expense of clinical standards." (*Id.* ¶ 144).

Whisenand prepared a probable cause affidavit for all DORN staff. (Filing No. 159-1, Whisenand Declaration at ¶ 14). Whisenand filed the affidavit in Hamilton County and Howard County. (*Id.*). Prosecutors reviewed the affidavit and agreed the affidavit supported charges against all DORN employees. (Miksha Dep. 72:4 – 13; 73:8 – 25). Both Judges from Hamilton Superior Court and Howard Superior Court examined the affidavit and found that probable cause existed to charge all DORN employees with conspiracy to commit dealing in a controlled substance and corrupt business influence. (*See* PC Aff. at 57, Attachment A, Summary of Individual Criminal Liability; *see e.g.* Filing No. 159-22, Order Finding Probable Cause as to Larry Ley).[3] Law enforcement arrested Plaintiffs on July 24, 2014. (Whisenand Dec. ¶ 14).

### E. Post-Arrest Proceedings

Each Plaintiff filed a motion to dismiss the charges, arguing that the evidence was insufficient as a matter of law. The results varied. The Howard Superior Court denied

---

[3] The court has only cited to one order here. The other orders for each individual Plaintiff can be found at Filing Nos. 159-23 (Vierk), -24 (Bangura), -25 (Agapios), -51 (Mackey), -52 (Callahan), -53 (Dollard), -54 (Eric Ley), -55 (Morgan) -56 (Tislow), -57 (Reid), and -58 (Bratcher).

Mackey's motion to dismiss.  (*See e.g.* Filing No. 159-51, Order Denying Motion to Dismiss at 4 – 9).  The Hamilton Superior Court granted the non-physicians' motions to dismiss but denied the physician's motions to dismiss.  (Miksha Dep. 89:15 – 91:7).  The Wayne Superior Court granted Morgan's motion to dismiss—a decision that the Indiana Court of Appeals ultimately reversed.  *State v. Y.M.*, 60 N.E.3d 1121, 1128 (Ind. Ct. App. 2016).

The state then proceeded to a bench trial against Dr. Ley.  After denying a Rule 41 motion for insufficiency of evidence, the court ultimately acquitted Dr. Ley of all charges.  (Ley Dep. 189:24 – 190:1).  The court found that the State had not shown a knowing and intentional violation of a standard of professional conduct, and so the state had failed to prove beyond a reasonable doubt that the prescriptions were issued outside the usual course of professional medical procedure.  (Filing No. 182-8, Trial Transcript at 1373:14 – 24).  After Dr. Ley was acquitted, the prosecutors dismissed the rest of the charges.  (Miksha Dep. at 100:13 – 19).

The plaintiffs then all filed suit in this court.  The physicians are the plaintiffs in *Ley et al. v. Whisenand et al.*, 1:16-cv-01908-RLY-MJD; and the non-physician employees are the plaintiffs in *Tislow et al. v. Whisenand et al.*, 1:16-cv-01721-RLY-MJD.  Plaintiffs Vierk, Bangura (physicians), Tislow, Morgan, Bratcher, Mackey, Callahan, and Reid (non-physicians) (collectively the "Vierk Plaintiffs") bring federal claims of false arrest, malicious prosecution, and civil conspiracy against Defendants.  Plaintiffs Ley, Agapios (physicians), Eric Ley, and Dollard (non-physicians) bring

federal claims of false arrest, malicious prosecution, civil conspiracy, and municipal liability under *Monell* as well as state law claims for false arrest and conspiracy.[4]

## II.     Legal Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The court reviews the evidence and draws all reasonable inferences from it in the light most favorable to the non-moving party.  *Potts v. City of Lafayette, Ind.*, 121 F.3d 1106, 1110 (7th Cir. 1997) (citation omitted).  Irrelevant factual disputes do not preclude an entry of summary judgment in favor of the moving party.  *Id.*

## III.    Discussion

Before going further, a little housekeeping is in order.  The Vierk Plaintiffs agree to the dismissal of any claims purportedly brought under the Fifth or Fourteenth Amendment.  (*See* Filing No. 181, Vierk Plaintiffs' Response Brief at 57).[5]  They also do not assert any conspiracy claim under Section 1983, *Brady* claim or *Monell* claim.  (*Id.*).  Accordingly, the Vierk Plaintiffs' remaining claims are (1) false arrest and malicious prosecution against Whisenand, the United States, and Dietz; (2) false arrest, false imprisonment, and malicious prosecution against the City of Carmel under Indiana law; and conspiracy under 42 U.S.C. § 1985 against all Defendants.  (*See* Filing No. 148, Vierk Plaintiffs' Statement of Claims).

---

[4] There are two groups of plaintiffs within each case represented by different counsel.  The different groups of plaintiffs appear to have different claims despite the existence of a consolidated amended complaint.

[5] An almost identical brief was filed in 1:16-cv-1908.  (Filing No. 177).

With respect to the Ley Plaintiffs, their claims are less clear. Defendants are entitled to judgment on any *Monell* claim.[6] The same goes for any due process claims under the Fifth and Fourteenth Amendments.[7] Therefore, the court can discern only the following remaining claims: (1) false arrest and malicious prosecution against the United States, (2) false arrest, false imprisonment, and malicious prosecution against the City of Carmel, and (3) false arrest, malicious prosecution, and conspiracy against Dietz and Whisenand. (*See* Filing No. 147, Ley Plaintiffs' Statement of Claims).[8]

Turning to the merits, probable cause is an absolute defense under federal and state law to claims of false arrest, false imprisonment, and malicious prosecution. Law enforcement had probable cause to arrest and charge all twelve plaintiffs under Indiana law. Even in the absence of probable cause, the individual officers had "arguable probable cause," and so they are entitled to qualified immunity.

---

[6] The complaint and statement of claims make no mention of a *Monell* claim, and the allegations in the complaint are not consistent with a *Monell* theory. *Rowlands v. United Parcel Service – Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018) (noting a plaintiff is required under Rule 8 to include enough to give defendants fair notice of the claims). Even if a *Monell* claim was pled, the Ley Plaintiffs forfeited any argument by failing to develop it more than two short paragraphs in their brief. *Haley v. Kolbe & Kolbe Millwork Co.*, 863 F.3d 600, 612 (7th Cir. 2017).

[7] The Ley plaintiffs did not respond to Whisenand's arguments for dismissal, and they did not develop any argument in support of these claims. *Haley*, 863 F.3d at 612.

[8] To the extent that the Ley Plaintiffs sought to pursue other claims, those are forfeited for failing to clearly develop them.

16

## A.     There was Probable Cause to Arrest Plaintiffs

A warrant ordinarily shields officers from liability for an illegal arrest. *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985). However, "a warrant does not erect an impenetrable barrier to impeachment of a warrant affidavit." *Id.* (citing *Franks v. Delaware*, 438 U.S. 154 (1977)). An officer who lies or makes materially false representations in the warrant request violates the Fourth Amendment if probable cause would not have been otherwise established. *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012). Likewise, an officer who intentionally or recklessly withholds material information from a probable cause affidavit violates the Fourth Amendment. *Rainsberger v. Benner*, 913 F.3d 640, 647 (7th Cir. 2019) (citation omitted). Where, as here, the plaintiffs allege the affidavit contained false statements and omitted material information, the court must "eliminate the alleged false statements, incorporate any allegedly omitted facts, and then evaluate whether the resulting "hypothetical" affidavit would establish probable cause." *Betker*, 692 F.3d at 862 (citations omitted).

Probable cause exists when the facts and circumstances known to law enforcement "'are sufficient to warrant a prudent person in believing that the suspect had committed' an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (quoting *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)); *see also Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). The bar for probable cause is low: all that is required is a fair probability that a suspect has committed a crime. *Id.* (explaining probable cause requires more than bare suspicion but there need not be evidence sufficient to support a conviction or even a showing that the officer's belief is more likely true than false); *Fox*

*v. Hayes*, 600 F.3d 819, 833 (7th Cir. 2010) (noting it does not take much to establish probable cause); *see also United States v. Brown*, 857 F.3d 334, 339 (6th Cir. 2017).

The test is an objective one: an officer's motives or subjective intentions do not matter. *Mustafa*, 442 F.3d at 547 (citation omitted); *see also Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993) ("Even malicious motives will not support a claim of false arrest if probable cause exists."). Only those facts that the officers knew or reasonably believed at the time of the arrest factor into the equation. *See Mustafa*, 442 F.3d at 547. When the underlying facts are not disputed, the existence (or absence) of probable cause is a question of law for the court. *Potts*, 121 F.3d at 1112.

Probable cause is an absolute defense to claims of false arrest, false imprisonment, and malicious prosecution. *Mustafa*, 442 F.3d at 547 (citing *Potts*, 121 F.3d at 1113); *Ali v. Alliance Home Health Care, LLC*, 53 N.E.3d 420, 431 – 33 (Ind. Ct. App. 2016) (same under Indiana law).

The affidavit more than establishes probable cause. It is undisputed that one of Dr. Ley's patients died, and the wife of the Deceased expressed concerns about Dr. Ley's treatments. (PC Aff. ¶ 20). Other addiction doctors expressed concerns too: one said that Dr. Ley was prescribing suboxone "for pain" because the off-label use allowed him to skirt the one-hundred patient limit set by DATA, and another expressed concern that the practice was set up for cash, not for medical treatment. (PC Aff. ¶¶ 25 – 27). At least one pharmacy refused to fill prescriptions from DORN, and former patients explained that they were able to get a Suboxone prescription by paying $300 cash without any medical exam whatsoever. (PC Aff. ¶¶ 21, 30, 31). INSPECT records showed DORN

physicians prescribed an unusually high amount of Suboxone and correspondingly earned a high amount of income from those prescriptions. (*See e.g.* PC Aff. ¶ 38). Two retained doctors expressed the opinion that the Suboxone prescriptions were not issued for a legitimate medical purpose nor were they issued in the usual course of a medical practice. (PC Aff. ¶¶ 140, 144).

Plaintiffs likewise do not seriously dispute the undercover surveillance or the numerous observations about the practice: patients were seen for an initial interview in a conference room for two hours and then received a Suboxone prescription for three-hundred dollars. No physical examination was conducted, and all prescriptions were paid for in cash. At follow-up appointments, patients obtained a Suboxone prescription without ever seeing or being examined by a doctor—some appointments lasting as few as two to four minutes. DORN support staff handed out prescriptions at times when no doctor was present; the physicians had pre-signed many of these prescriptions.[9]

All this combined would warrant a reasonable person standing in the officers' shoes to believe that DORN and its employees prescribed Suboxone without a legitimate medical purpose and outside the usual course of the professional practice. *See* 856 Ind. Admin. Code 2-6-3(a). And that is all that is needed. Law enforcement do not need a foolproof or absolute belief—just a reasonable one. Considering the evidence, it was reasonable for law enforcement to conclude that the prescriptions were not "valid" and

---

[9] Of course, Plaintiffs dispute the *significance* of these facts, i.e. whether they amount to a crime. But there is no genuine dispute as to what happened.

DORN and its employees were conspiring to deal a controlled substance in violation of Indiana law.  *See* Ind. Code § 35-48-4-2; *Alarcon*, 573 N.E.2d at 480.

Plaintiffs put forward several arguments to show probable cause does not exist. First, they argue they were actually providing good medical care, and the prescriptions were issued with a legitimate medical purpose.  (*See* Vierk Plaintiffs' Response at 27 – 34; Filing No. 183, Ley Plaintiffs' Response Brief at 37 – 40).  For example, they argue DORN patients were required to fill out medication and drug-pain histories, doctors do not necessarily have to perform physical examinations when treating addiction patients, each patient was provided an appropriate dose of Suboxone and corresponding tapering schedule, and all the undercovers signed paperwork, promising to attend counseling.  But that evidence goes towards their *defense*, not the lack of probable cause.  *See Alarcon*, 573 N.E.2d at 480 (citing *Tobias v. State*, 479 N.E.2d 508 (Ind. 1985)) ("[T]he writing of a valid prescription by a licensed physician is an absolute *defense* to a charge of dealing in a controlled substance.") (emphasis added); *Spiegel v. Cortese*, 196 F.3d 717, 724 (1999) ("Many putative defendants protest their innocence, and it is not the responsibility of law enforcement officials to test such claims once probable cause has been established.").  Plaintiffs' guilt or innocence is not the relevant issue before the court— probable cause is—and that evidence does not negate the presence of probable cause established by the other facts.  *United States v. Funches*, 327 F.3d 582, 587 (7th Cir. 2003) (noting alternative explanations are often helpful but do not necessarily negate probable cause); *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006) ("Subsequent evidence of guilt cannot validate the probable cause determination, nor can evidence of

innocence invalidate it."); *United States v. Osborn*, 120 F.3d 59, 62 – 63 (7th Cir. 1997) (noting the validity of an arrest does not depend on whether the suspect actually committed the crime).

Second, Plaintiffs argue the affidavit includes a laundry list of allegedly "false" statements.[10]  (*See* Vierk Plaintiffs' Response Brief at 34 – 37; Ley Plaintiffs' Response Brief at 31 – 36).  For example, the affidavit repeatedly explains that many undercover officers "received a Suboxone prescription . . . in exchange for $80.00 [or $300] cash." (PC Aff. ¶ 109(a)).  Plaintiffs argue that statement is false because the fee structure was three-hundred dollars for initial entry into the program, and then forty-dollars per week for continued treatment, not per prescription.  However, that statement and the rest of those cited by Plaintiffs are not false—just characterizations with which Plaintiffs disagree.  Officers are not expected to be legal technicians.  The evidence supports Whisenand's characterizations, and so, they are not materially false, even if Plaintiffs were able to explain otherwise at trial.  *Suarez v. Town of Ogden Dunes, Ind.*, 581 F.3d 591, 597 (7th Cir. 2009) (holding statements were not materially false when they were supported by an ample basis).

---

[10] Many of these "false" statements are not actually false when considered in context.  For example, Plaintiffs argue "Mr. Whisenand admitted that the claims that Dr. Ley did not interview the undercover officers as part of their initial visit were false."  (Ley Plaintiffs' Brief at 34). However, Whisenand stated that under his definition of "interview," no patients were interviewed because there was no one-on-one private exchange as in other medical practices.  He agreed that under Plaintiffs' counsel's definition—sitting down with a group and answering questions—the patients were interviewed.  (Whisenand Dep. 97:2 – 100:21).  This sort of disagreement over semantics is hardly a "false statement," especially when considering probable cause is based on the totality of the affidavit, not a line-by-line, hypertechnical interpretation. *See Brown*, 857 F.3d at 339.

Third, Plaintiffs argue that Whisenand omitted several pieces of important information that would have changed the probable cause calculus. (Vierk Plaintiffs' Brief at 35 – 40; Ley Plaintiffs' Briefs at 36 – 38). For example, Whisenand did not include the fact that DEA presented the case to the federal prosecutors, and they declined to prosecute saying it was not a "provable" case. Whisenand also failed to include, as Plaintiffs argue, that DORN screened all undercover officers at follow up appointments, and even kicked several out who did not follow the terms of the program. But these omissions—even if true—do not negate the presence of the probable cause. The patient complaints, professional complaints, undercover video and surveillance, and expert opinions were sufficient to establish probable cause. *Spiegel*, 196 F.3d at 724.[11]

Lastly, the nonphysicians argue the officers lacked probable cause as to them because they could not have known that DORN physicians were prescribing outside the course of their professional practice. But their knowledge is a question of fact for a jury, not for the officers to determine. *Spiegel*, 196 F.3d at 724; *Y.M.*, 60 N.E.3d at 1126 (reversing trial court's dismissal of charges against nonphysician in this case because nonphysician's knowledge is a question for the jury). The affidavit sufficiently describes

---

[11] Plaintiffs' list of alleged omissions is problematic for other reasons too. Many of the omissions relate to law enforcement's motivations for investigating and prosecuting Plaintiffs. For example, Plaintiffs argue Miksha explained in a memo to Whisenand that the goal was to F**k DORN. (Ley Plaintiffs' Brief at 51). Putting aside the fact that Miksha is not a defendant, the subjective motivations of law enforcement are not relevant to whether probable cause exists. *Mustafa*, 442 F.3d at 547. Other omissions relate to the good treatment provided by DORN, which, for reasons already explained, is relevant to Plaintiffs' *defense*, not the absence of probable cause. *Spiegel*, 196 F.3d at 724 – 25. Lastly, Plaintiffs allege that the two experts are not credible, but credibility is a matter for a jury to resolve, not law enforcement. *Id.* at 725 ("The credibility of a putative victim or witness is a question, not for police officers in the discharge of their considerable duties, but for the jury in a criminal trial.") (citation omitted).

acts as to each nonphysician that, when accompanied with the requisite knowledge, could support a conviction, much less a finding of probable cause.  (PC Aff. at 63 – 70); *see also Y.M.*, 60 N.E.3d at 1126.  Accordingly, the nonphysicians' separate arguments are equally unpersuasive.

### B.    Even in the Absence of Probable Cause, Dietz and Whisenand are Entitled to Qualified Immunity

The doctrine of qualified immunity protects law enforcement officers who make reasonable mistakes.  *See Mustafa*, 442 F.3d at 548.  Qualified immunity applies unless the plaintiff can show the officer violated a federal statutory or constitutional right, and that right was clearly established at the time of the incident.  *Kisela v. Hughes*, 138 S. Ct. 1148, 1156 (2018); *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012).  In the context of a wrongful arrest, a right is not clearly established if law enforcement had "arguable probable cause" to arrest the plaintiff.  *Id.*; *see also Rainsberger*, 913 F.3d at 652.  "Arguable probable cause exists when a reasonable officer could *mistakenly* have believed that he had probable cause to make the arrest."  *McComas*, 673 F.3d at 725 (citation omitted); *Fox*, 600 F.3d at 833 (noting qualified immunity applies to government officials who reasonably but mistakenly conclude probable cause exists to make an arrest).

Even if probable cause did not exist, the officers had "arguable probable cause" to arrest Plaintiffs.  The *Alarcon* court held that a physician who prescribes controlled substances without any legitimate medical purpose may be criminally liable.  *Alarcon*, 573 N.E.2d at 481; *see also Y.M.*, 60 N.E.3d at 1125.  For reasons already explained

above, the officers reasonably concluded DORN prescribed Suboxone without any legitimate medical purpose, even if that belief was ultimately mistaken. Whisenand and Dietz are therefore entitled to qualified immunity.

### C. Plaintiffs Conspiracy Claims Fail as a Matter of Law

Because law enforcement had probable cause to arrest Plaintiffs for conspiracy to deal controlled substances, Plaintiffs' claims for civil conspiracy under Sections 1983 and 1985 fail as a matter of law. *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (holding conspiracy claims fail as a matter of law where the officers had probable cause to arrest the plaintiff). The Vierk Plaintiffs' claims under Section 1985 also fail because there is no evidence of any racial or actionable class-based animus. *See Munson v. Friske*, 754 F.2d 683, 694 – 96 (7th Cir. 1985).

## IV. Conclusion

For the reasons stated above, Defendants' motions for summary judgment are **GRANTED**. With respect to case number 1:16-cv-01721-RLY-MJD, Dietz and the City of Carmel's motion (Filing No. 151) is **GRANTED**, Whisenand's motion (Filing No. 159) is **GRANTED**, and the United States' motion (Filing No. 162) is **GRANTED**. The motion to strike (Filing No. 200) is **DENIED as MOOT**.

With respect to case number 1:16-cv-01908-RLY-MJD, Dietz and the City of Carmel's motion (Filing No. 148) is **GRANTED**, Whisenand's motion (Filing No. 154) is **GRANTED**, and the United States' motion (Filing No. 157) is **GRANTED**. The

motion to strike (Filing No. 198) is **DENIED AS MOOT**.  Final judgment shall issue by separate order.

**SO ORDERED** this 8th day of March 2019.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

DEREK S. TISLOW,                              )
ANDREW J. DOLLARD,                            )
YVONNE S. MORGAN,                             )
CASSY L. BRATCHER,                            )
JOSEPH A. MACKEY,                             )
JESSICA CALLAHAN,                             )
ERIC W. LEY, and                              )
FELICIA REID,                                 )
                                              )
                    Plaintiffs,               )
                                              )
          v.                                  )          1:16-cv-01721-RLY-MJD
                                              )
GARY WHISENAND,                               )
CITY OF CARMEL,                               )
AARON DIETZ, and                              )
THE UNITED STATES, Acting by and             )
through its Drug Enforcement Administration,  )
                                              )
                    Defendants.               )
_____)
                                              )
HAMILTON COUNTY PROSECUTOR'S                  )
OFFICE,                                       )
                                              )
                    Interested Party.         )

LARRY LEY,                                    )
RONALD VIERK,                                 )
GEORGE AGAPIOS, and                           )
LUELLA BANGURA,                               )
                                              )
                    Plaintiffs,               )
                                              )
          v.                                  )          1:16-cv-01908-RLY-MJD
                                              )
GARY WHISENAND,                               )
CITY OF CARMEL,                               )

AARON DIETZ, and                                    )
UNITED STATES, Acting by and through its   )
Drug Enforcement Administration,             )
                                                    )
                            Defendants.              )
_____)
                                                    )
HAMILTON COUNTY PROSECUTOR'S            )
OFFICE,                                          )
                                                    )
                            Interested Party.      )

## FINAL JUDGMENT

Today, the court granted Defendants' Motions for Summary Judgment. The court

now enters final judgment in favor of Defendants and against Plaintiffs.

**SO ORDERED** this 8th day of March 2019.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Laura Briggs, Clerk
United States District Court

By: Deputy Clerk

Distributed Electronically to Registered Counsel of Record.

2

# *** PUBLIC DOCKET ***

<span style="color:blue">APPEAL</span>,<span style="color:red">CLOSED</span>

**U.S. District Court**
**Southern District of Indiana (Indianapolis)**
**CIVIL DOCKET FOR CASE #: 1:16-cv-01908-RLY-MJD**

LEY et al v. WHISENAND et al
Assigned to: Judge Richard L. Young
Referred to: Magistrate Judge Mark J. Dinsmore
Related Case: 1:16-cv-01721-RLY-MJD
Cause: 42:1983 Civil Rights Act

Date Filed: 07/18/2016
Date Terminated: 03/08/2019
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**LARRY LEY**                    represented by **Debra H. Miller**
                                                MILLER & FISHER LLC
                                                8900 Keystone Crossing
                                                Suite 1080
                                                Indianapolis, IN 46240
                                                (317) 536-7577
                                                Fax: (317) 536-7579
                                                Email: miller@millerfisher.com
                                                *ATTORNEY TO BE NOTICED*

                                                **James R. Fisher**
                                                MILLER & FISHER LLC
                                                8900 Keystone Crossing
                                                Suite 1080
                                                Indianapolis, IN 46240
                                                (317) 536-7576
                                                Fax: (317) 536-7579
                                                Email: fisher@millerfisher.com
                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**RONALD VIERK**                 represented by **James R. Fisher**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Jeffrey S. McQuary**
                                                BROWN TOMPKINS LORY
                                                608 East Market Street
                                                Indianapolis, IN 46202
                                                (317) 631-6866

Fax: (317) 685-2329
Email: jmcquary@btlmlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GEORGE AGAPIOS**                          represented by    **Debra H. Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James R. Fisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LUELLA BANGURA**                          represented by    **James R. Fisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey S. McQuary**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GARY WHISENAND**                          represented by    **Shelese M. Woods**
.                                                             UNITED STATES ATTORNEY'S
OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 226-6333
Fax: (317) 226-5027
Email: shelese.woods@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**CITY OF CARMEL**                          represented by    **Douglas C. Haney**
.                                                             CITY OF CARMEL
One Civic Square
Carmel, IN 46032
(317) 571-2472
Fax: (317) 571-2484
Email: dhaney@carmel.in.gov
*ATTORNEY TO BE NOTICED*

**James S. Stephenson**
STEPHENSON MOROW & SEMLER

3077 E. 98th Street
Suite 240
Indianapolis, IN 46280
(317) 844-3830
Fax: (317) 573-4194
Email: jstephenson@stephlaw.com
*ATTORNEY TO BE NOTICED*

**Rosemary L. Borek**
STEPHENSON MOROW & SEMLER
3077 E. 98th Street
Suite 240
Indianapolis, IN 46280
(317)844-3830
Fax: (317) 573-4194
Email: rborek@stephlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AARON DIETZ**                         represented by   **Douglas C. Haney**
.                                                        (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **James S. Stephenson**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Rosemary L. Borek**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES**                       represented by   **Shelese M. Woods**
*ACTING BY ITS DRUG*                                     (See above for address)
*ENFORCEMENT ADMINISTRATION*                             *ATTORNEY TO BE NOTICED*

**Interested Party**

**HAMILTON COUNTY
PROSECUTOR'S OFFICE**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/18/2016 | 1 | COMPLAINT against CITY OF CARMEL, CITY OF CUMBERLAND, CITY OF KOKOMO, AARON DIETZ, HENDRICKS COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY SHERIFF'S DEPARTMENT, GARY WHISENAND, DENNIS WICHERN, filed by RONALD VIERK, LARRY LEY. (Filing fee $400, receipt number |

| | | IP051733) (Attachments: # 1 Civil Cover Sheet)(MEB) Modified on 7/20/2016 to correct file date (MEB). (Entered: 07/20/2016) |
|---|---|---|
| 07/18/2016 | 2 | DEMAND for Trial by Jury, filed by Plaintiffs LARRY LEY, RONALD VIERK. (MEB) Modified on 7/20/2016 to correct file date(MEB). (Entered: 07/20/2016) |
| 07/18/2016 | 3 | Summons Issued as to USA - GARY WHISENAND, DENNIS WICHERN, (MEB) (Entered: 07/20/2016) |
| 07/18/2016 | 4 | NOTICE of Appearance by Jeffrey S. McQuary on behalf of Plaintiffs LARRY LEY, RONALD VIERK. (MEB) Modified on 7/20/2016 to correct file date(MEB). Modified on 7/20/2016 to correct file date (MEB). (Entered: 07/20/2016) |
| 07/18/2016 | 6 | Summons Issued as to CITY OF CARMEL, CITY OF CUMBERLAND, CITY OF KOKOMO, AARON DIETZ, HENDRICKS COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY SHERIFF'S DEPARTMENT. (MEB) (Entered: 07/20/2016) |
| 07/20/2016 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (MEB) (Entered: 07/20/2016) |
| 07/21/2016 | 7 | NOTICE of Appearance by Jeffrey S. McQuary on behalf of Plaintiff George Agapios. (McQuary, Jeffrey) (Entered: 07/21/2016) |
| 07/21/2016 | 8 | AMENDED COMPLAINT against All Defendants, filed by All Plaintiffs. (McQuary, Jeffrey) (Entered: 07/21/2016) |
| 07/21/2016 | 9 | NOTICE *of Jury Demand for Geroge Agapios*, filed by Plaintiff George Agapios (McQuary, Jeffrey) (Entered: 07/21/2016) |
| 07/22/2016 | 10 | NOTICE of Appearance by Jeffrey S. McQuary on behalf of Plaintiff Luella Bangura. (McQuary, Jeffrey) (Entered: 07/22/2016) |
| 07/22/2016 | 11 | AMENDED COMPLAINT *(Second)* against All Plaintiffs, filed by All Plaintiffs.(McQuary, Jeffrey) (Entered: 07/22/2016) |
| 07/22/2016 | 12 | NOTICE *of Luella Bangura's Jury Demand*, filed by Plaintiff Luella Bangura (McQuary, Jeffrey) (Entered: 07/22/2016) |
| 08/01/2016 | 13 | NOTICE of Appearance by James S. Stephenson on behalf of Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 08/01/2016) |
| 08/01/2016 | 14 | DEMAND for Trial by Jury, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 08/01/2016) |
| 08/03/2016 | 15 | NOTICE of Parties' First Extension of Time, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 08/03/2016) |
| 08/03/2016 | 16 | NOTICE of Appearance by Douglas C. Haney on behalf of Defendant CITY OF CARMEL. (Haney, Douglas) (Entered: 08/03/2016) |
| | | |

| 08/03/2016 | 17 | NOTICE of Appearance by Douglas C. Haney on behalf of Defendant AARON DIETZ. (Haney, Douglas) (Entered: 08/03/2016) |
|---|---|---|
| 08/04/2016 | 18 | WAIVER OF SERVICE Returned Executed, filed by All Plaintiffs. HENDRICKS COUNTY SHERIFF'S DEPARTMENT waiver sent on 7/20/2016. (McQuary, Jeffrey) (Entered: 08/04/2016) |
| 08/08/2016 | 19 | NOTICE of Appearance by Daniel J. Paul on behalf of Defendant JOHNSON COUNTY SHERIFF'S DEPARTMENT. (Paul, Daniel) (Entered: 08/08/2016) |
| 08/09/2016 | 20 | WAIVER OF SERVICE Returned Executed, filed by All Plaintiffs. JOHNSON COUNTY SHERIFF'S DEPARTMENT waiver sent on 7/20/2016. (McQuary, Jeffrey) (Entered: 08/09/2016) |
| 08/09/2016 | 21 | NOTICE of Appearance by Liberty L. Roberts on behalf of Defendant HENDRICKS COUNTY SHERIFF'S DEPARTMENT. (Roberts, Liberty) (Entered: 08/09/2016) |
| 08/15/2016 | 22 | SCHEDULING ORDER- Initial Pretrial Conference set for 9/14/2016 at 11:30 AM in room #234, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Tim A. Baker. If a proposed CMP has not yet been filed, the parties are ordered to confer prior to the initial pretrial conference and prepare a proposed CMP. Signed by Magistrate Judge Tim A. Baker on 8/15/2016.(CBU) (Entered: 08/15/2016) |
| 08/16/2016 | 23 | MOTION for Continuance *to Reschedule the Initial Pretrial Conference*, filed by Defendant HENDRICKS COUNTY SHERIFF'S DEPARTMENT. (Attachments: # 1 Text of Proposed Order)(Roberts, Liberty) (Entered: 08/16/2016) |
| 08/17/2016 | 24 | ORDER granting Defendant Hendricks County Sheriff's Department's 23 Motion for Continuance: Initial Pretrial Conference RESET for 10/3/2016 09:30 AM in room #234, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Tim A. Baker. Signed by Magistrate Judge Tim A. Baker on 8/17/2016.(SWM) (Entered: 08/17/2016) |
| 08/18/2016 | 25 | NOTICE of Appearance by Kyle A. Jones on behalf of Defendant CITY OF CUMBERLAND. (Jones, Kyle) (Entered: 08/18/2016) |
| 08/18/2016 | 26 | STIPULATION of Dismissal *as to City of Cumberland*, filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, LARRY LEY, RONALD VIERK. (Attachments: # 1 Text of Proposed Order)(McQuary, Jeffrey) (Entered: 08/18/2016) |
| 08/19/2016 | 27 | ORDER APPROVING DISMISSAL OF CITY OF CUMBERLAND - Plaintiffs have by stipulation dismissed the Defendant City of Cumberland pursuant to F.R.C.P. 41(a)(A)(i). The Court now APPROVES said Stipulation. The City of Cumberland is hereby DISMISSED with prejudice. Each party shall bear its own costs. Signed by Judge Sarah Evans Barker on 8/19/2016.(JLS) (Entered: 08/19/2016) |

| 08/22/2016 | 28 | RETURN of Personal Service, filed by All Plaintiffs. GARY WHISENAND served on 8/11/2016. (McQuary, Jeffrey) (Entered: 08/22/2016) |
|---|---|---|
| 08/26/2016 | 29 | NOTICE of Appearance by Bruce L. Kamplain on behalf of Defendant CITY OF KOKOMO. (Kamplain, Bruce) (Entered: 08/26/2016) |
| 08/26/2016 | 30 | NOTICE of Appearance by Cynthia Elaine Lasher on behalf of Defendant CITY OF KOKOMO. (Lasher, Cynthia) (Entered: 08/26/2016) |
| 08/26/2016 | 31 | WAIVER OF SERVICE Returned Executed, filed by CITY OF KOKOMO. CITY OF KOKOMO waiver sent on 7/20/2016. (Lasher, Cynthia) (Entered: 08/26/2016) |
| 08/26/2016 | 32 | NOTICE of Appearance by Ian L. Stewart on behalf of Defendants CITY OF CARMEL, AARON DIETZ. (Stewart, Ian) (Entered: 08/26/2016) |
| 08/26/2016 | 33 | *Amended* ANSWER to 8 Amended Complaint *and Affirmative Defenses*, filed by CITY OF CARMEL, AARON DIETZ.(Stephenson, James) (Entered: 08/26/2016) |
| 08/30/2016 | 34 | NOTICE of Appearance by Shelese M. Woods on behalf of Defendants GARY WHISENAND, DENNIS WICHERN. (Woods, Shelese) (Entered: 08/30/2016) |
| 09/02/2016 | 35 | NOTICE of Appearance by Mary Jo Hunter Wedding on behalf of Defendant CITY OF KOKOMO. (Wedding, Mary Jo) (Entered: 09/02/2016) |
| 09/15/2016 | 36 | Unopposed MOTION for Extension of Time to October 18, 2016 *to File Responsive Pleading to Plaintiffs' Complaint*, filed by Defendant HENDRICKS COUNTY SHERIFF'S DEPARTMENT. (Attachments: # 1 Text of Proposed Order)(Roberts, Liberty) (Entered: 09/15/2016) |
| 09/16/2016 | 37 | MOTION to Withdraw Attorney Appearance *of Kyle A. Jones*, filed by Defendant CITY OF CUMBERLAND. (Attachments: # 1 Text of Proposed Order)(Jones, Kyle) (Entered: 09/16/2016) |
| 09/16/2016 | 38 | ORDER granting Defendant Hendricks County Sheriff's Department's 36 Motion for Extension of Time to File response to complaint to 10/18/2016. Signed by Magistrate Judge Tim A. Baker on 9/16/2016. (SWM) (Entered: 09/16/2016) |
| 09/19/2016 | 39 | NOTICE of Parties' First Extension of Time, filed by Defendant JOHNSON COUNTY SHERIFF'S DEPARTMENT. (Paul, Daniel) (Entered: 09/19/2016) |
| 09/20/2016 | 40 | ORDER granting 37 Motion to Withdraw Attorney Appearance. Attorney Kyle A. Jones withdrawn. Signed by Magistrate Judge Tim A. Baker on 9/20/2016. (MAC) (Entered: 09/20/2016) |
| 09/21/2016 | 41 | Unopposed MOTION to Vacate 24 Order on Motion for ContinuanceScheduling , filed by Defendants GARY WHISENAND, |

| | | |
|---|---|---|
| | | DENNIS WICHERN. (Attachments: # 1 Text of Proposed Order)(Woods, Shelese) (Entered: 09/21/2016) |
| 09/26/2016 | 42 | ORDER granting 41 Motion for Continuance: Initial Pretrial Conference RESET for 10/27/2016 02:30 PM in room #234, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Tim A. Baker. All other requirements in the Court's August 15, 2016, Scheduling Order (Docket No. 22) remain in effect. Signed by Magistrate Judge Tim A. Baker on 9/26/2016.(SWM) (Entered: 09/26/2016) |
| 10/11/2016 | 43 | Third MOTION to Amend/Correct 1 Complaint , filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, LARRY LEY, RONALD VIERK. (Attachments: # 1 proposed Third Amended Complaint, # 2 Text of Proposed Order, # 3 Proposed Summons)(McQuary, Jeffrey) (Entered: 10/11/2016) |
| 10/14/2016 | 44 | NOTICE of Appearance by Debra H. Miller on behalf of Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Miller, Debra) (Entered: 10/14/2016) |
| 10/14/2016 | 45 | NOTICE of Appearance by James R. Fisher on behalf of Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 10/14/2016) |
| 10/17/2016 | 46 | ORDER granting 43 Motion to Amend the Complaint and said COMPLAINT is DEEMED FILED as of the date of this Order. Signed by Magistrate Judge Tim A. Baker on 10/17/2016. (CBU) (Entered: 10/17/2016) |
| 10/17/2016 | 47 | THIRD AMENDED COMPLAINT against CITY OF CARMEL, AARON DIETZ, GARY WHISENAND, DENNIS WICHERN and UNITED STATES, Acting by its Drug Enforcement Administration, filed by RONALD VIERK, LARRY LEY, LUELLA BANGURA and GEORGE AGAPIOS (ordered filed this date)(CBU) (Entered: 10/17/2016) |
| 10/17/2016 | 48 | Summons Issued as to UNITED STATES (CBU) (Entered: 10/17/2016) |
| 10/17/2016 | 49 | NOTICE of Appearance by Shelese M. Woods on behalf of Defendant UNITED STATES. (Woods, Shelese) (Entered: 10/17/2016) |
| 10/17/2016 | 50 | ANSWER to 47 Amended Complaint , filed by UNITED STATES. (Woods, Shelese) (Entered: 10/17/2016) |
| 10/17/2016 | 51 | ANSWER to 47 Amended Complaint , filed by GARY WHISENAND. (Woods, Shelese) (Entered: 10/17/2016) |
| 10/17/2016 | 52 | ANSWER to 47 Amended Complaint , filed by DENNIS WICHERN. (Woods, Shelese) (Entered: 10/17/2016) |
| 10/18/2016 | 53 | MOTION to Withdraw Attorney Appearance *of Cynthia Lasher, Bruce Kamplain and Mary Jo Wedding*, filed by Defendant CITY OF KOKOMO. (Attachments: # 1 Text of Proposed Order)(Lasher, Cynthia) (Entered: 10/18/2016) |
| 10/19/2016 | 54 | ORDER granting 53 Motion to Withdraw Attorney Appearance. Attorney |

| | | |
|---|---|---|
| | | Mary Jo Hunter Wedding; Bruce L. Kamplain and Cynthia Elaine Lasher withdrawn. Signed by Magistrate Judge Tim A. Baker on 10/19/2016. (SWM) (Entered: 10/19/2016) |
| 10/20/2016 | 55 | CASE MANAGEMENT PLAN TENDERED, filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, LARRY LEY, RONALD VIERK . (McQuary, Jeffrey) (Entered: 10/20/2016) |
| 10/25/2016 | 56 | MOTION to Withdraw Attorney Appearance *for Larry Ley*, filed by Plaintiff LARRY LEY. (Attachments: # 1 Text of Proposed Order) (McQuary, Jeffrey) (Entered: 10/25/2016) |
| 10/25/2016 | 57 | MOTION to Withdraw Attorney Appearance *for George Agapios*, filed by Plaintiff GEORGE AGAPIOS. (Attachments: # 1 Text of Proposed Order) (McQuary, Jeffrey) (Entered: 10/25/2016) |
| 10/26/2016 | 59 | ORDER granting 56 Motion to Withdraw Attorney Appearance. Attorney Jeffrey S. McQuary withdrawn on behalf of Larry Ley. Signed by Magistrate Judge Tim A. Baker on 10/26/2016. (SWM) (Entered: 10/27/2016) |
| 10/26/2016 | 60 | ORDER granting 57 Motion to Withdraw Attorney Appearance. Attorney Jeffrey S. McQuary withdrawn on behalf of George Agapios. Signed by Magistrate Judge Tim A. Baker on 10/26/2016. (SWM) (Entered: 10/27/2016) |
| 10/27/2016 | 58 | ANSWER to 47 Amended Complaint *, Jury Demand, and Affirmative Defenses (Third Amended Complaint)*, filed by CITY OF CARMEL, AARON DIETZ.(Stephenson, James) (Entered: 10/27/2016) |
| 10/31/2016 | 61 | ORDER REASSIGNING CASE. Clerk is directed to reassign case to Judge Larry J. McKinney and Magistrate Judge Denise K. LaRue for all further proceedings. This case is related to 16-1721-LJM-DKL. Judge Sarah Evans Barker and Magistrate Judge Tim A. Baker no longer assigned to case. Please use updated case number on all future filings. Signed by Judge Sarah Evans Barker on 10/31/2016. (LDH) (Entered: 10/31/2016) |
| 10/31/2016 | 62 | NOTICE of Reassignment of Case to Judge Larry J. McKinney and Magistrate Judge Denise K. LaRue. Judge Sarah Evans Barker, Magistrate Judge Tim A. Baker no longer assigned to the case. Please include the new case number, **1:16-cv-1908-LJM-DKL**, on all future filings in this matter. (NAD) (Entered: 10/31/2016) |
| 11/04/2016 | 63 | ORDER ON OCTOBER 27, 2016, INITIAL PRETERIAL CONFERENCE - Parties appeared by counsel October 27, 2016, for an initial pretrial conference. The Case Management Plan [Filing No. 55] is denied, but discovery may proceed. **SEE ORDER** Signed by Magistrate Judge Tim A. Baker. (MGG) (Entered: 11/04/2016) |
| 12/08/2016 | 64 | MOTION for Leave to File *Fourth Amended Complaint*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Exhibit Fourth Amended Complaint, # 2 Text of Proposed Order Granting Motion)(Fisher, |

| | | |
|---|---|---|
| | | James) (Entered: 12/08/2016) |
| 12/12/2016 | 65 | ORDER granting 64 Motion for Leave to File Plaintiffs Larry Ley and George Agapios' Fourth Amended Complaint. The Motion is GRANTED and the Fourth Amended Complaint attached to Plaintiffs' Motion to File Fourth Amended Complaint will be deemed filed as of the date of this Order. Signed by Judge Larry J. McKinney on 12/12/2016. (LDH) Modified on 12/12/2016 (LDH). (Entered: 12/12/2016) |
| 12/12/2016 | 66 | FOURTH AMENDED COMPLAINT against CITY OF CARMEL, AARON DIETZ, UNITED STATES, GARY WHISENAND, filed by LARRY LEY, GEORGE AGAPIOS. (Ordered filed this date.)(LDH) Modified on 12/12/2016 (LDH). (Entered: 12/12/2016) |
| 12/19/2016 | 67 | Unopposed MOTION for Extension of Time to January 27, 2017 in which to 66 Amended Complaint *Extension of time to respond to the complaint*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Text of Proposed Order)(Stewart, Ian) (Entered: 12/19/2016) |
| 12/20/2016 | 68 | ORDER granting 67 Motion for Extension of Time to File - Defendants, City of Carmel and Aaron Dietz, shall have through and including January 27, 2017, within which to respond to the complaint. Signed by Judge Larry J. McKinney on 12/20/2016. (LDH) (Entered: 12/20/2016) |
| 12/27/2016 | 69 | Unopposed MOTION for Extension of Time to January 27, 2016 , filed by Defendants UNITED STATES, GARY WHISENAND, DENNIS WICHERN. (Attachments: # 1 Text of Proposed Order)(Woods, Shelese) (Entered: 12/27/2016) |
| 12/27/2016 | 70 | **PLEASE DISREGARD. FILED IN WRONG CASE.** Unopposed MOTION for Extension of Time to January 27, 2016 , filed by Defendants UNITED STATES, GARY WHISENAND, DENNIS WICHERN. (Attachments: # 1 Text of Proposed Order)(Woods, Shelese) Modified on 12/29/2016 (LDH). (Entered: 12/27/2016) |
| 12/29/2016 | 71 | ORDER granting 69 Federal Defendants' Motion for Extension of Time to File. Answer or other responsive pleading to the Plaintiff's fourth amended complaint is due on or before 01/27/17. Signed by Judge Larry J. McKinney on 12/29/2016. (LDH) (Entered: 12/29/2016) |
| 01/09/2017 | 72 | Fifth MOTION to Amend/Correct *Complaint*, filed by Plaintiffs LUELLA BANGURA, RONALD VIERK. (Attachments: # 1 Exhibit Proposed Fifth Amended Complaint, # 2 Text of Proposed Order)(McQuary, Jeffrey) (Entered: 01/09/2017) |
| 01/12/2017 | 73 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 1/11/2017 - Parties discussed case status. Plaintiffs have proceeded with filing two separate Complaints in each of these cases and maintain that it is proper to have multiple operative complaints in a case. Defendants objected and the Court agreed that we would proceed with one operative complaint for each case. Therefore, on or |

| | | |
|---|---|---|
| | | before January 20, 2017, Plaintiffs will file a Motion for Leave to Amend in each case and attach one proposed operative complaint for each case. The pending motions for leave to amend (Dkt. 81 in 1:16-cv-01721-LJM-DKL and Dkt. 72 in 1:16-cv-01908-LJM-DKL) will then be moot. Also, the parties shall confer and file by January 20, 2017 a case management plan ("CMP") for 1:16-cv-01908-LJM-DKL and an amended CMP for 1:16-cv-01721-LJM-DKL. This matter is set for a telephonic status conference on THURSDAY, MARCH 23, 2017, AT 11:00 A.M., EASTERN. Counsel will receive call-in instructions for the conference via separate email notification. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 01/12/2017) |
| 01/20/2017 | 74 | *Joint* CASE MANAGEMENT PLAN TENDERED, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY . (Attachments: # 1 Text of Proposed Order Case Management Plan, # 2 Text of Proposed Order Approving Case Management Plan)(Fisher, James) (Entered: 01/20/2017) |
| 01/20/2017 | 75 | Joint MOTION for Leave to File *Consolidated Amended Complaint*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Exhibit Plaintiffs' Consolidated Amended Complaint, # 2 Text of Proposed Order Approving Motion)(Fisher, James) (Entered: 01/20/2017) |
| 03/01/2017 | 76 | ORDER granting 75 Motion for Leave to File Consolidated Amended Complaint. Defendants are ordered to file responsive pleadings to the Consolidated Amended Complaint within 20 days of the dated of this order. Signed by Magistrate Judge Denise K. LaRue on 3/1/17. (CBU) (Entered: 03/01/2017) |
| 03/01/2017 | 77 | CONSOLIDATED AMENDED COMPLAINT against CITY OF CARMEL, AARON DIETZ, UNITED STATES and GARY WHISENAND, filed by RONALD VIERK, LARRY LEY, LUELLA BANGURA and GEORGE AGAPIOS (ordered filed this date)(CBU) (Entered: 03/01/2017) |
| 03/16/2017 | 78 | SCHEDULING ORDER - The Consolidated Amended Complaints having been filed in these causes, the Court hereby SETS a Status Conference to discuss the Joint Case Management Plan on Wednesday, April 5, 2017, at 10:30 a.m., in Room 244, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. Signed by Judge Larry J. McKinney on 3/16/2017.(LDH) (Entered: 03/16/2017) |
| 03/17/2017 | 79 | SCHEDULING ORDER - The Court, on its own motion, hereby VACATES the Status Conference set for Wednesday, April 5, 2017, at 10:30 a.m., in Room 244, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, before Judge McKinney. The Conference before Magistrate Judge LaRue on March 23, 2017, remains SET. Signed by Judge Larry J. McKinney on 3/17/2017. (LDH) (Entered: 03/17/2017) |
| 03/21/2017 | 80 | ANSWER to 77 Amended Complaint *and Affirmative Defenses*, filed by CITY OF CARMEL, AARON DIETZ.(Stephenson, James) (Entered: |

| | | 03/21/2017) |
|---|---|---|
| 03/21/2017 | 81 | DEMAND for Trial by Jury, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 03/21/2017) |
| 03/21/2017 | 82 | ANSWER to 77 Amended Complaint , filed by GARY WHISENAND. (Woods, Shelese) (Entered: 03/21/2017) |
| 03/21/2017 | 83 | ANSWER to 77 Amended Complaint , filed by UNITED STATES. (Woods, Shelese) (Entered: 03/21/2017) |
| 03/24/2017 | 85 | MOTION to *Approve Modified Case Management Plan*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Exhibit Amended Case Management Plan, # 2 Exhibit Amended Case Management Plan) (Fisher, James) (Entered: 03/24/2017) |
| 04/07/2017 | 86 | MINUTE ENTRY for proceedings held before Magistrate Judge Denise K. LaRue: Status Conference held on 3/23/2017 - Attorneys James Fisher and Debra Miller failed to participate. A show cause order shall issue under separate entry. Parties discussed case status and discovery. This matter is set for a telephonic status conference on THURSDAY, JULY 27, 2017, AT 10:00 A.M., EASTERN. Counsel will receive call-in instructions for the conference via separate email notification. The Tislow matter will be set for a settlement conference under separate order. The conference concluded without further order. Signed by Magistrate Judge Denise K. LaRue. (REO) (Entered: 04/07/2017) |
| 04/11/2017 | 87 | ORDER TO SHOW CAUSE why plaintiffs counsel should not be sanctioned for failure to appear for the telephonic status conference. Show Cause Response due by 4/21/2017. Signed by Magistrate Judge Denise K. LaRue on 4/11/2017.(CBU) (Entered: 04/11/2017) |
| 04/12/2017 | 88 | RESPONSE *(Verified)*, re 87 Order to Show Cause, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 04/12/2017) |
| 04/27/2017 | 89 | ORDER granting Parties' 85 Joint Motion to Approve Amended Case Management Plan. Signed by Magistrate Judge Denise K. LaRue on 4/27/2017. (SWM) (Entered: 04/27/2017) |
| 04/27/2017 | 90 | ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED (Amended CMP). Dispositive Motions due by 1/21/2018. Discovery due by 11/21/2017. Signed by Magistrate Judge Denise K. LaRue on 4/27/2017. (SWM) (Entered: 04/27/2017) |
| 05/01/2017 | 91 | NOTICE of Service of Initial Disclosures , filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 05/01/2017) |
| 05/30/2017 | 92 | Witness List *(Preliminary)*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 05/30/2017) |
| 05/30/2017 | 93 | Exhibit List *(Preliminary)*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 05/30/2017) |
| | | |

| | | |
|---|---|---|
| 06/01/2017 | 94 | Exhibit List *Preliminary*, filed by Plaintiffs LUELLA BANGURA, RONALD VIERK, Witness List *Preliminary*, filed by Plaintiffs LUELLA BANGURA, RONALD VIERK. (McQuary, Jeffrey) (Entered: 06/01/2017) |
| 06/02/2017 | 95 | SCHEDULING ORDER - The Court, on its own motion, hereby sets this matter for a Telephonic Status Conference on Thursday, June 8, 2017 at 2:00 p.m., at which time the parties shall appear by counsel. The call-information will be sent to counsel under a separate docket entry. Signed by Judge Larry J. McKinney on 6/2/2017. (JKS) (Entered: 06/02/2017) |
| 06/08/2017 | 97 | NOTICE of Appearance by Debra G. Richards on behalf of Defendants UNITED STATES, GARY WHISENAND. (Richards, Debra) (Entered: 06/08/2017) |
| 06/08/2017 | 98 | MINUTE ORDER - The parties appear by counsel for Telephonic Status Conference on 6/8/2017. There is no Court Reporter. The parties discuss the status of the underlying criminal matters and discovery. The parties also propose that a Jury Trial date in October 2018, would be appropriate for the Ley matter, with a settlement conference sometime prior to that date. The Jury Trial, Final Pretrial Conference and settlement conference in that action will be set under separate order. The Conference concludes without further order. Signed by Judge Larry J. McKinney. (GSO) (Entered: 06/09/2017) |
| 06/08/2017 | 99 | SCHEDULING ORDER - Settlement Conference set for 12/12/2017 10:00 AM in room #246, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Larry J. McKinney. Unless excused by order of the Court, clients must appear in-person at the settlement conference along with counsel. (SEE ORDER FOR INSTRUCTIONS/DEADLINES). Signed by Judge Larry J. McKinney on 6/8/2017.(JKS) (Entered: 06/09/2017) |
| 06/08/2017 | 100 | SCHEDULING ORDER - Final Pretrial Conference set for 10/9/2018 02:00 PM in room #244, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana, at which time the parties shall appear by counsel to discuss all matters preparatory for trial. Jury Trial set for 10/29/2018 09:00 AM in room #246, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Larry J. McKinney. Signed by Judge Larry J. McKinney on 6/8/2017.(JKS) (Entered: 06/09/2017) |
| 06/25/2017 | 101 | Witness List *Preliminary*, filed by Defendants UNITED STATES, GARY WHISENAND. (Woods, Shelese) (Entered: 06/25/2017) |
| 06/25/2017 | 102 | Exhibit List *Preliminary*, filed by Defendants UNITED STATES, GARY WHISENAND. (Woods, Shelese) (Entered: 06/25/2017) |
| 06/27/2017 | 103 | Exhibit List *(Preliminary)*, filed by Defendants CITY OF CARMEL, AARON DIETZ, OBJECTION by CITY OF CARMEL, AARON DIETZ, Proposed Findings of Fact by CITY OF CARMEL, AARON DIETZ, Proposed Jury Instructions, filed by CITY OF CARMEL, AARON DIETZ, Proposed Voir Dire by CITY OF CARMEL, AARON DIETZ, TRIAL |

| | | BRIEF by CITY OF CARMEL, AARON DIETZ, Witness List *Preliminary*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 06/27/2017) |
|---|---|---|
| 07/03/2017 | 104 | NOTICE of Appearance by Robert C. Allega on behalf of Movant HAMILTON COUNTY PROSECUTOR'S OFFICE. (Allega, Robert) (Entered: 07/03/2017) |
| 07/03/2017 | 105 | MOTION for Extension of Time to 7/26/17 *to Respond to Plaintiff's Subpoena Duces Tecum to Non-Party Hamilton County Prosecutor's Office*, filed by Movant HAMILTON COUNTY PROSECUTOR'S OFFICE. (Attachments: # 1 Text of Proposed Order)(Allega, Robert) (Entered: 07/03/2017) |
| 07/05/2017 | 106 | ORDER granting 105 Motion for Extension of Time - Non-Party Hamilton County Prosecutor's Office shall have up to and including July 26, 2017, to respond to Plaintiff's Subpoena/Non-Party Requests. Signed by Judge Larry J. McKinney on 7/5/2017. (JKS) (Entered: 07/05/2017) |
| 07/06/2017 | 107 | SCHEDULING ORDER - The Telephonic Status Conference currently set for Thursday, July 27, 2017, at 10:00 a.m., before Magistrate Judge LaRue, is hereby RE-SET on the same day and time before Judge Larry J. McKinney. Call-in information will be sent by separate entry and shall be used by counsel only. Signed by Judge Larry J. McKinney on 7/6/2017. (JKS) (Entered: 07/06/2017) |
| 07/24/2017 | 109 | NOTICE of Appearance by Sara Teresa Martin on behalf of Interested Party HAMILTON COUNTY PROSECUTOR'S OFFICE. (Martin, Sara) (Entered: 07/24/2017) |
| 07/25/2017 | 110 | Second MOTION for Extension of Time to 8/25/17 *to Respond to Plaintiffs' Subpoena Duces Tecum and Request for Production to Non-Party*, filed by Interested Party HAMILTON COUNTY PROSECUTOR'S OFFICE. (Attachments: # 1 Text of Proposed Order)(Allega, Robert) (Entered: 07/25/2017) |
| 07/26/2017 | 111 | ORDER GRANTING NON-PARTY'S SECOND MOTION FOR EXTENSION OF TIME - Non-Party Hamilton County Prosecutor's Office, by counsel, has filed its 110 second motion for extension of time of thirty days to respond to Plaintiff's Subpoena/Non-Party Requests. The Court, being duly advised in the premises, now GRANTS said motion. Non-Party Hamilton County Prosecutor's Office shall have up to and including August 25, 2017, to respond to Plaintiff's Subpoena/Non-Party Requests. Signed by Judge Larry J. McKinney on 7/26/2017. (GSO) (Entered: 07/26/2017) |
| 07/27/2017 | 112 | *** WITHDRAWN PER ORDER DATED 10/10/2017 *** MOTION to Compel *Non-Party Production*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Exhibit A-Responses to Requests for Production, # 2 Text of Proposed Order Compelling Responses)(Fisher, James) Modified on 10/11/2017 (SWM). Modified on 10/26/2017 (TMD). (Entered: 07/27/2017) |

| 07/27/2017 | 113 | MINUTE ORDER - The parties appear by counsel for Telephonic Status Conference on 7/27/2017. The Court OVERRULES Plaintiffs' objection to the extension to August 25, 2017, granted to the HCPO; however, the Court notifies HCPO that no further extensions shall be granted. The non-expert discovery deadline is hereby EXTENDED to January 15, 2018; The expert discovery deadline is hereby EXTENDED to April 16, 2018; The dispositive motion deadline is hereby EXTENDED to February 15, 2018; The settlement conference in Ley v. United States of America, No. 1:16-cv-01908-LJM-DKL, currently set before the undersigned for Tuesday, December 12, 2017, is hereby VACATED and is RE-SET before the undersigned for Thursday, April 26, 2018, at 9:00 a.m., in Courtroom 246, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. A Telephonic Status Conference is hereby SET for December 12, 2017, at 10:00 a.m., at which time the parties and interested party shall appear by telephone. The call-in information will be sent under separate entry. (See Entry.) Signed by Judge Larry J. McKinney. (Court Reporter David Moxley.) (GSO) (Entered: 07/28/2017) |
| --- | --- | --- |
| 08/08/2017 | 115 | MOTION to Stay re 112 MOTION to Compel *Non-Party Production* , filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Text of Proposed Order)(Fisher, James) (Entered: 08/08/2017) |
| 08/09/2017 | 116 | ORDER REASSIGNING CASE - Pursuant to 28 U.S.C. Section 137 and Local Rule 40-1(f), this matter has been reassigned to Magistrate Judge Mark J. Dinsmore. Judge Denise K. LaRue is no longer assigned to the case. Please include the new case number,1:16-cv-01908-LJM-MJD, on all future filings in this matter. Signed by Judge Jane Magnus-Stinson on 8/9/2017. (RSF) (Entered: 08/09/2017) |
| 08/09/2017 | 117 | ORDER - This matter comes before the Court upon Plaintiffs, Larry Ley and George Agapios' 115 Motion to Stay Proceedings on their pending Motion to Compel Production directed to Non-Party, CVS Health Corporation. The Court being duly informed in the matter now GRANTS such Motion. (See Order.) Signed by Judge Larry J. McKinney on 8/9/2017. Copies distributed pursuant to distribution list. (GSO) (Entered: 08/10/2017) |
| 09/20/2017 | 118 | NOTICE of Substitution of Appearance by Nicholas J. Hall replacing *Robert C. Allega* on behalf of HAMILTON COUNTY PROSECUTOR'S OFFICE (Attachments: # 1 Acknowledgement of Appearance) (Hall, Nicholas) (Entered: 09/20/2017) |
| 09/22/2017 | 119 | ORDER of Acknowledgement re 118 Notice of Substitution of Appearance filed by HAMILTON COUNTY PROSECUTOR'S OFFICE. The Clerk is hereby directed to update the docket in this case to reflect that the appearance of Robert C. Allega, Deputy Attorney General is withdrawn and to enter the appearance of Nicholas J. Hall, Deputy Attorney General for the Non-Party. Signed by Judge Jane Magnus-Stinson on 9/22/2017.(MAC) (Entered: 09/22/2017) |

| 09/29/2017 | [120](#) | ORDER REASSIGNING CASE - Pursuant to 28 U.S.C. Section 137 and Local Rule 40-1(f), this matter has been reassigned to Judge Richard L. Young. Judge Larry J. McKinney is no longer assigned to the case. Please included the new case number, 1:16-cv-1908-RLY-MJD, on all future filings in this matter. Signed by Judge Jane Magnus-Stinson on 9/29/2017. (JRB) (Entered: 09/29/2017) |
|---|---|---|
| 09/29/2017 | [121](#) | MOTION to Withdraw Attorney Appearance *of Ian Stewart*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # [1](#) Text of Proposed Order)(Stewart, Ian) (Entered: 09/29/2017) |
| 10/03/2017 | [122](#) | ORDER granting [121](#) Motion to Withdraw Attorney Appearance. Attorney Ian L. Stewart withdrawn. Signed by Magistrate Judge Mark J. Dinsmore on 10/03/2017. (SWM) (Entered: 10/03/2017) |
| 10/03/2017 | [123](#) | ORDER LIFTING STAY: This matter is before the Court on Plaintiffs' Motion to Compel Non- Party Production. Dkt. [112.] On August 9, 2017, the Court stayed briefing on the motion based upon Plaintiffs' representation that the dispute had been tentatively resolved. Dkt. [117.] The Court hereby LIFTS THE STAY and VACATES the August 9, 2017 order Dkt. [117](#) . If the discovery dispute has been resolved, Plaintiff shall file a motion to withdraw their Motion to Compel Non- Party Production Dkt. [112](#) by no later than October 9, 2017. If the discovery dispute has not been resolved, then nonparty CVS Health Corporation shall respond to the motion to compel on or before October 18, 2017. Copy to R. Michael Meo via US Mail. Signed by Magistrate Judge Mark J. Dinsmore on 10/3/2017. (SWM) (Entered: 10/04/2017) |
| 10/04/2017 | [124](#) | SCHEDULING ORDER: Status Conference set for 10/11/2017 11:30 AM (Eastern Time) in Telephonic before Magistrate Judge Mark J. Dinsmore. The purpose of the conference is to discuss case status. Counsel shall attend the conference by calling the designated telephone number, to be provided by the Court via email generated by the Court's ECF system. Signed by Magistrate Judge Mark J. Dinsmore on 10/4/2017.(SWM) (Entered: 10/04/2017) |
| 10/06/2017 | [125](#) | MOTION to Withdraw [112](#) MOTION to Compel *Non-Party Production* , filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # [1](#) Text of Proposed Order)(Fisher, James) (Entered: 10/06/2017) |
| 10/10/2017 | [127](#) | ORDER withdrawing Plaintiffs Larry Ley and George Agapios' [112](#) Motion to Compel; granting Plaintiffs Larry Ley and George Agapios' [125](#) Motion to Withdraw Docket Number 112. Signed by Magistrate Judge Mark J. Dinsmore on 10/10/2017. (SWM) (Entered: 10/11/2017) |
| 10/13/2017 | [128](#) | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Telephonic Status Conference held on 10/11/2017. Parties discussed status of & future plans for discovery. Approved Amended Case Management Plan as amended [Dkts. [90](#) & [113](#) ] hereby amended: Statement of Claims or Defenses due by 2/9/2018; Dispositive Motions due by 3/9/2018; Discovery due by 2/2/2018. By 10/26/2017, parties shall file |

| | | |
|---|---|---|
| | | motion to continue trial. Telephonic Status Conference set for 12/1/2017 at 1:30 PM (Eastern Time) before Magistrate Judge Mark J. Dinsmore. By 10/20/2017, parties shall transmit copies of all prior settlement correspondence to MJDinsmore@insd.uscourts.gov. All prior orders scheduling settlement conference hereby VACATED. Settlement Conference set for 4/26/2018 at 9:00 AM in room #257, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Mark J. Dinsmore. *SEE ORDER FOR ADDITIONAL DEADLINES.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 10/16/2017) |
| 10/23/2017 | 129 | MOTION for Continuance *of Trial Date and Final Pretrial Conference*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Text of Proposed Order)(Stephenson, James) (Entered: 10/23/2017) |
| 11/02/2017 | 130 | ORDER granting 129 Motion for Continuance of Trial Date and Final Pretrial Conference - The Court now vacates the October 29, 2018 trial setting and October 9, 2018 final pretrial conference and reschedules this cause for trial by jury on APRIL 22, 2019 at 9:00 a.m. in Room 349 in Indianapolis, Indiana and for final pretrial conference on APRIL 11, 2019 at 11:00 a.m. Signed by Judge Richard L. Young on 11/2/2017.(JRB) Modified on 11/2/2017 (JRB). (Entered: 11/02/2017) |
| 12/01/2017 | 132 | Witness List *Final*, filed by Defendants UNITED STATES, GARY WHISENAND. (Woods, Shelese) (Entered: 12/01/2017) |
| 12/01/2017 | 133 | Exhibit List *Final*, filed by Defendants UNITED STATES, GARY WHISENAND. (Woods, Shelese) (Entered: 12/01/2017) |
| 12/01/2017 | 134 | Exhibit List *Final*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 12/01/2017) |
| 12/01/2017 | 135 | Witness List *Final*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 12/01/2017) |
| 12/01/2017 | 136 | Witness List , filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 12/01/2017) |
| 12/01/2017 | 137 | Exhibit List , filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 12/01/2017) |
| 12/01/2017 | 138 | Exhibit List *Final*, filed by Plaintiffs LUELLA BANGURA, RONALD VIERK, Witness List *Final*, filed by Plaintiffs LUELLA BANGURA, RONALD VIERK. (McQuary, Jeffrey) (Entered: 12/01/2017) |
| 12/01/2017 | 139 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Telephonic Status Conference held on 12/1/2017. Parties discussed status of & future plans for discovery. Telephonic Status Conference set for 3/12/2018 at 10:00 AM (Eastern Time) before Magistrate Judge Mark J. Dinsmore. *SEE ORDER.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 12/04/2017) |
| | | |

| 01/05/2018 | 140 | AMENDED SCHEDULING ORDER: The Court sua sponte now RESCHEDULES the Settlement Conference currently scheduled for April 26, 2018 at 9:00 a.m. (Eastern) to Wednesday, May 23, 2018 at the same time. All other requirements of the Court's order dated October 13, 2017 [Dkt. 128 ] remain in effect. A request to vacate or continue the settlement conference must be made by motion filed with the court on or before January 12, 2018, except in exigent circumstances. These motions will be granted only for good cause. Signed by Magistrate Judge Mark J. Dinsmore on 1/5/2018.(SWM) (Entered: 01/05/2018) |
|---|---|---|
| 02/01/2018 | 141 | Statement *of Defenses* by UNITED STATES, GARY WHISENAND. (Woods, Shelese) (Entered: 02/01/2018) |
| 02/09/2018 | 142 | Statement *of Defenses* by CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 02/09/2018) |
| 02/09/2018 | 143 | Statement *of Claims* by GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 02/09/2018) |
| 02/09/2018 | 144 | Statement *of Claims* by LUELLA BANGURA, RONALD VIERK. (McQuary, Jeffrey) (Entered: 02/09/2018) |
| 02/10/2018 | 145 | Submission *(Supplement to Statement of Defenses)*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 02/10/2018) |
| 02/20/2018 | 146 | Exhibit List *Amended Final*, filed by Defendant UNITED STATES. (Woods, Shelese) (Entered: 02/20/2018) |
| 02/21/2018 | 147 | Exhibit List *Amended Final*, filed by Plaintiffs LUELLA BANGURA, RONALD VIERK, Witness List *Amended Final*, filed by Plaintiffs LUELLA BANGURA, RONALD VIERK. (McQuary, Jeffrey) (Entered: 02/21/2018) |
| 03/05/2018 | 148 | MOTION for Summary Judgment , filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 03/05/2018) |
| 03/05/2018 | 149 | Designation of Evidence re 148 MOTION for Summary Judgment *(Volume 1)*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Aff. Dietz, # 2 Aff. Dietz-Ex.A, # 3 Aff. Dietz.Ex.C, # 4 Aff. Klein, # 5 Aff. Klein.Ex.A, # 6 Aff.Brainard, # 7 Aff. Green, # 8 Aff. Green.Ex.A, # 9 Aff. Green Ex.B, # 10 Aff. Cordingley, # 11 Aff. McCool, # 12 Aff. McCool.Ex.A, # 13 Aff. Bennett, # 14 Aff. Bennett.Ex.A, # 15 Depo. Whisenand, # 16 Depo. Whisenand.Ex.175, # 17 Depo. Whisenand.Ex.176, # 18 Depo. Whisenand.Ex.186, # 19 Depo. Whisenand.Ex.187, # 20 Depo. Whisenand.Ex.188, # 21 Depo. Whisenand.Ex.193, # 22 Whisenand signature page to probable cause affidavit, # 23 Depo. Miksha, # 24 Depo. Miksha.Ex.191, # 25 Depo. Miksha.Ex.196, # 26 Depo. Miksha.Ex.197, # 27 Depo. Miksha.Ex.198, # 28 Depo. Miksha.Ex.238, # 29 Depo. Miksha.Ex.239, # 30 Depo. Miksha.Ex.240, # 31 Depo. Miksha.Ex.241, # 32 Depo. Miksha.Ex. 243, # |

| | | |
|---|---|---|
| | | 33 Depo. Miksha.Ex.244, # 34 Depo. Miksha.Ex.245, # 35 Depo. Miksha.Ex.246, # 36 Depo. Miksha.Ex.247, # 37 Depo. Miksha.Ex.248, # 38 Depo. Miksha.Ex.249, # 39 Depo. Miksha.Ex.250, # 40 Depo. Miksha.Ex.251, # 41 Depo. Miksha.Ex.252, # 42 Depo. Dietz, # 43 Depo. Dietz.Ex.204, # 44 Depo. Klein, # 45 Depo. Klein.Ex.255, # 46 Depo. Ley (Larry), # 47 Depo.Agapios, # 48 Depo. Vierk, # 49 Depo.Vierk.Ex.101, # 50 Depo.Vierk.Ex.102, # 51 Depo.Vierk.Ex.103, # 52 Depo.Bangura, # 53 Depo.Bangura.Ex.221)(Stephenson, James) (Entered: 03/05/2018) |
| 03/05/2018 | 150 | Designation of Evidence re 148 MOTION for Summary Judgment *(Volume 2)*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Depo. Morgan, # 2 Depo. Morgan.Ex.D (probable cause affidavit), # 3 Depo.Morgan.Ex.G, # 4 Depo.Morgan.Ex.L, # 5 Depo.Callahan, # 6 Depo.Dollard, # 7 Depo.Reid, # 8 Depo.Reid.Ex.48, # 9 Depo.Reid.Ex.49, # 10 Depo.Tislow, # 11 Depo.Tislow.Ex.9, # 12 Depo.Mackey, # 13 Depo.Mackey.Ex.227, # 14 Depo.Mackey.Ex.228, # 15 Depo.Ley (Eric), # 16 Depo.Ley (Eric).Ex.56, # 17 Depo.Bratcher, # 18 Depo.Bratcher.Ex.22, # 19 Ans. to Interrog-Bratcher, # 20 Ans. to Interrog-Tislow, # 21 Ans. to Interrog-agapios, # 22 Ans. to Interrog-morgan, # 23 Ans. to Interrog-mackey, # 24 Ans. to Interrog-Callahan, # 25 Ans. to Interrog-Vierk, # 26 Ans. to Interrog-Bangura, # 27 Ans. to Interrog-Ley (Larry), # 28 Ans. to Interrog-Whisenand, # 29 Ans. to Interrog-Wichern, # 30 Ans. to Interrog-United States, # 31 Ans. to Interrog-City of Carmel, # 32 Ans. to Interrog-Dietz, # 33 Response to request for production admission 1 (Agapios), # 34 Motion to transfer seized property (Aug 15 2014), # 35 Motion to transfer property (Aug 22 2014), # 36 Order transferring property (Aug 19 2014), # 37 Order to transfer property (Aug 22 2014), # 38 Stipulation and settlement agreement re forfeiture of seized assets, # 39 Howard County custody report (Aug 12 2014), # 40 Order on bond-Bratcher, # 41 Order on bond reduction-Ley (Larry), # 42 Howard County docket entries -Bratcher, # 43 Howrad County docket entries-Ley (Larry))(Stephenson, James) (Entered: 03/05/2018) |
| 03/05/2018 | 151 | NOTICE of Filing *(Manual)* by CITY OF CARMEL, AARON DIETZ (Stephenson, James) (Entered: 03/05/2018) |
| 03/05/2018 | 152 | MOTION for Leave to File *Oversized Brief*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Brief of Defendants City of Carmel and Aaron Dietz in Support of Motion for Summary Judgment, # 2 Text of Proposed Order)(Stephenson, James) (Entered: 03/05/2018) |
| 03/06/2018 | 153 | *** WITHDRAWN PER ORDER DATED 3/12/2018 167 *** Designation of Evidence re 149 Designation of Evidence *(Supplement)*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Designation of Evidence (Vol. 1) Supplement (Ex. 129))(Stephenson, James) Modified on 3/13/2018 (SWM). (Entered: 03/06/2018) |
| 03/08/2018 | 154 | MOTION for Summary Judgment , filed by Defendant GARY WHISENAND. (Attachments: # 1 Exhibit A, Whisenand Decl., # 2 Exhibit 1, Nov. 15, 2013 ROI, # 3 Exhibit 2, Nov. 26, 2013 ROI, # 4 Exhibit 3, |

| | | |
|---|---|---|
| | | Dec. 18, 2013 ROI, # 5 Exhibit 4, Jan. 13 2014 ROI, # 6 Exhibit 5, Dec. 2, 2013 ROI, # 7 Exhibit 6, Dec. 9, 2013 ROI, # 8 Exhibit 7, Jan. 14, 2014 ROI, # 9 Exhibit 8, Jan. 23, 2014 ROI, # 10 Exhibit 9, Jan. 27, 2014 ROI, # 11 Exhibit 10, Jan. 7, 2014 ROI, # 12 Exhibit Jan. 15, 2014 ROI, # 13 Exhibit 12, Undercover Application and Order, # 14 Exhibit 13, Dr. Chambers report, # 15 Exhibit !4, Dr. King report, # 16 Exhibit 15, Probable Cause Affidavit, # 17 Exhibit 15, Att. A, Summary, # 18 Exhibit 15, Ex. B, Search Warrants, # 19 Exhibit 15, Ex. C, Items, # 20 Exhibit 15, Ex. D, Property description, # 21 Exhibit 15, Att. E, Index, # 22 Exhibit 16, Dr. Larry Ley materials, # 23 Exhibit 17, Dr. Vierk materials, # 24 Exhibit 18, Dr. Bangura materials, # 25 Exhibit 19, Dr. Agapios materials, # 26 Exhibit 20, Motion to Transfer Property, # 27 Exhibit 21, Decl. of Forfeiture, # 28 Exhibit 22, Disposition of Non-Drug property, # 29 Exhibit 23, Stipulation and Settlement Agreement, # 30 Exhibit B, Undercover videos 3/25/15 - 6/28/14, # 31 Exhibit C, July 2003, Buprenorphine, # 32 Exhibit D, Wichern Decl., # 33 Exhibit E, Vierk Dep., # 34 Exhibit F, Larry Ley Dep., # 35 Exhibit G, Klein Dep., # 36 Exhibit H, Deitz Dep., # 37 Exhibit I, Whisenand Dep., # 38 Exhibit J, Agapios Dep., # 39 Exhibit K, Bangura Dep., # 40 Exhibit L, Reid Dep., # 41 Exhibit M, Morgan Dep., # 42 Exhibit N, Mackey Dep., # 43 Exhibit O, Callahan Dep., # 44 Exhibit P, Dollard Dep., # 45 Exhibit Q, Bratcher Dep., # 46 Exhibit R, Tislow Dep., # 47 Exhibit S, Eric Ley Dep., # 48 Exhibit T, Miksha Dep., # 49 Exhibit U, Holbrook Decl., # 50 Exhibit V, Schmidt Decl.)(Woods, Shelese) (Entered: 03/08/2018) |
| 03/08/2018 | 155 | BRIEF/MEMORANDUM in Support re 154 MOTION for Summary Judgment , filed by Defendant GARY WHISENAND. (Woods, Shelese) (Entered: 03/08/2018) |
| 03/08/2018 | 156 | NOTICE of Filing *Manual* by UNITED STATES, GARY WHISENAND (Woods, Shelese) (Additional attachment(s) added on 3/9/2018: # 1 Password for FlashDrive) (JRB). (Entered: 03/08/2018) |
| 03/08/2018 | 157 | MOTION for Summary Judgment , filed by Defendant UNITED STATES. (Woods, Shelese) (Entered: 03/08/2018) |
| 03/08/2018 | 158 | BRIEF/MEMORANDUM in Support re 157 MOTION for Summary Judgment , filed by Defendant UNITED STATES. (Woods, Shelese) (Entered: 03/08/2018) |
| 03/09/2018 | 160 | MOTION to Withdraw 153 Designation of Evidence *Docket Entry 153*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Text of Proposed Order)(Stephenson, James) (Entered: 03/09/2018) |
| 03/09/2018 | 161 | Designation of Evidence re 149 Designation of Evidence *(Supplement to Volume 1)*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Exhibit)(Stephenson, James) (Entered: 03/09/2018) |
| 03/09/2018 | 162 | BRIEF/MEMORANDUM in Support re 148 MOTION for Summary Judgment , filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 03/09/2018) |

| 03/09/2018 | 165 | Receipt of Manual Filing (two CDs) re 151 NOTICE of Filing *(Manual)* by CITY OF CARMEL, AARON DIETZ (Stephenson, James) (Attachments: # 1 Cover Letter, # 2 Envelope) (APD) (Entered: 03/12/2018) |
| --- | --- | --- |
| 03/12/2018 | 163 | MOTION to Withdraw Attorney Appearance *of Sara Martin*, filed by Interested Party HAMILTON COUNTY PROSECUTOR'S OFFICE. (Attachments: # 1 Text of Proposed Order to Withdraw Sara Martin) (Martin, Sara) (Entered: 03/12/2018) |
| 03/12/2018 | 164 | MOTION to Withdraw Attorney Appearance *of Nicholas Hall*, filed by Interested Party HAMILTON COUNTY PROSECUTOR'S OFFICE. (Attachments: # 1 Text of Proposed Order to Withdraw Nicholas Hall) (Martin, Sara) (Entered: 03/12/2018) |
| 03/12/2018 | 166 | MINUTE ORDER for proceedings held before Magistrate Judge Mark J. Dinsmore: Telephonic Status Conference held on 3/12/2018. Parties discussed status of discovery & upcoming settlement conference. At Plaintiffs' request, and without objection, Court hereby enlarges time for Plaintiffs to respond to pending motions for summary judgment [Dkts. 148 , 154 , & 157 ] to 4/6/2018. Also before Court is Defendants City of Carmel and Aaron Dietz's motion for leave to file oversize brief. [Dkt. 152 .] Without objection, that motion is hereby GRANTED; Defendants City of Carmel and Aaron Dietz may file summary judgment brief not to exceed 48 pages in length, excluding table of contents, table of authorities and certificate of service. At parties' joint request, Court sua sponte hereby amends approved Case Management Plan as amended [Dkts. 90 , 113 , & 128 ]. *SEE ORDER FOR DEADLINES.* Signed by Magistrate Judge Mark J. Dinsmore. (GD) (Entered: 03/12/2018) |
| 03/12/2018 | 167 | ORDER granting Defendants City of Carmel and Aaron Dietz's 160 Motion to Withdraw Docket Entry 153. The Clerk is directed to reflect Docket No. 153 as WITHDRAWN from the docket. Signed by Magistrate Judge Mark J. Dinsmore on 3/12/2018. (SWM) (Entered: 03/13/2018) |
| 03/13/2018 | 168 | ORDER granting 163 Motion to Withdraw Attorney Appearance. Attorney Sara Teresa Martin withdrawn. Signed by Magistrate Judge Mark J. Dinsmore on 3/13/2018. (SWM) (Entered: 03/14/2018) |
| 03/13/2018 | 169 | ORDER granting 164 Motion to Withdraw Attorney Appearance. Attorney Nicholas J. Hall withdrawn. Signed by Magistrate Judge Mark J. Dinsmore on 3/13/2018. (SWM) (Entered: 03/14/2018) |
| 03/26/2018 | 170 | MOTION for Extension of Time to File Response to May 9, 2018 re 148 MOTION for Summary Judgment , 157 MOTION for Summary Judgment , 154 MOTION for Summary Judgment , filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Text of Proposed Order Granting Extension)(Fisher, James) (Entered: 03/26/2018) |
| 03/27/2018 | 171 | ORDER granting Plaintiffs' 170 Motion for Extension of Time to File Response to 5/9/2018 re 157 MOTION for Summary Judgment, 154 MOTION for Summary Judgment and 148 MOTION for Summary |

| | | Judgment . Defendants' reply in support of their Motions for Summary Judgment shall be due on or before 6/6/2018. Signed by Magistrate Judge Mark J. Dinsmore on 3/27/2018. (SWM) (Entered: 03/27/2018) |
|---|---|---|
| 04/20/2018 | 172 | ORDER VACATING SETTLEMENT CONFERENCE: With the parties' agreement, the Court hereby VACATES the Settlement Conference scheduled for May 23, 2018 at 9:00 a.m. [Dkt. 140.] Signed by Magistrate Judge Mark J. Dinsmore on 4/20/2018.(SWM) (Entered: 04/20/2018) |
| 05/03/2018 | 173 | Unopposed MOTION for Leave to File *Overlength Brief*, filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, LARRY LEY, RONALD VIERK. (Attachments: # 1 Text of Proposed Order)(McQuary, Jeffrey) (Entered: 05/03/2018) |
| 05/04/2018 | 174 | ORDER granting Plaintiffs' 173 Motion for Leave to File Over-length Brief not to exceed fifty pages. Signed by Magistrate Judge Mark J. Dinsmore on 5/4/2018. (SWM) (Entered: 05/07/2018) |
| 05/07/2018 | 175 | MOTION for Reconsideration *of 50 page limit on summary judgment brief*, filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, LARRY LEY, RONALD VIERK. (Attachments: # 1 Text of Proposed Order) (McQuary, Jeffrey) (Entered: 05/07/2018) |
| 05/08/2018 | 176 | ORDER granting Plaintiffs' 175 Motion for Reconsideration. Plaintiffs have leave of this Court to file a brief in opposition to Defendants' several Motions for Summary Judgment not to exceed seventy-five (75) pages. Signed by Magistrate Judge Mark J. Dinsmore on 5/8/2018. (SWM) (Entered: 05/08/2018) |
| 05/09/2018 | 177 | RESPONSE in Opposition re 157 MOTION for Summary Judgment , 154 MOTION for Summary Judgment , 148 MOTION for Summary Judgment , filed by Plaintiffs LUELLA BANGURA, RONALD VIERK. (McQuary, Jeffrey) (Entered: 05/09/2018) |
| 05/09/2018 | 178 | Designation of Evidence re 177 Response in Opposition to Motion , filed by Plaintiffs LUELLA BANGURA, RONALD VIERK. (Attachments: # 1 Probable Cause Affidavit, # 2 State Court Record Ley bench trial day 1, # 3 State Court Record Ley bench trial day 2, # 4 State Court Record Ley bench trial day 3, # 5 State Court Record Ley bench trial day 4, # 6 State Court Record Ley bench trial day 5, # 7 State Court Record Ley bench trial day 6, # 8 State Court Record Ley bench trial day 7)(McQuary, Jeffrey) (Entered: 05/09/2018) |
| 05/09/2018 | 179 | RESPONSE in Opposition re 157 MOTION for Summary Judgment , 154 MOTION for Summary Judgment , 148 MOTION for Summary Judgment , filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 05/09/2018) |
| 05/09/2018 | 180 | Appendix of Exhibits in Support of Response in Opposition to Motion re 148 MOTION for Summary Judgment , 157 MOTION for Summary Judgment , 154 MOTION for Summary Judgment , filed by Plaintiffs |

| | | |
|---|---|---|
| | | GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37)(Fisher, James) (Entered: 05/09/2018) |
| 05/23/2018 | 181 | MOTION *For Permission to Take Additional Liability Discovery*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Text of Proposed Order Granting Motion)(Fisher, James) (Entered: 05/23/2018) |
| 05/24/2018 | 182 | RESPONSE in Opposition re 181 MOTION *For Permission to Take Additional Liability Discovery* , filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Exhibit Answer to interrogatory, # 2 Text of Proposed Order)(Stephenson, James) (Entered: 05/24/2018) |
| 05/24/2018 | 183 | SCHEDULING ORDER: This matter comes before the Court on Plaintiffs' Motion for Permission to Take Additional Liability Discovery. [Dkt. 181 .] Defendants City of Carmel and Aaron Dietz filed a Response in Opposition to Plaintiffs' Motion. [Dkt. 182 .] Any reply in support of Plaintiffs' Motion is due on or before May 29, 2018. Signed by Magistrate Judge Mark J. Dinsmore on 5/24/2018.(SWM) (Entered: 05/25/2018) |
| 05/25/2018 | 184 | RESPONSE in Opposition re 181 MOTION *For Permission to Take Additional Liability Discovery* , filed by Defendants UNITED STATES, GARY WHISENAND. (Woods, Shelese) (Entered: 05/25/2018) |
| 05/29/2018 | 185 | REPLY in Support of Motion re 181 MOTION *For Permission to Take Additional Liability Discovery* , filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 05/29/2018) |
| 06/01/2018 | 186 | Witness List *(Supplemental)*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 06/01/2018) |
| 06/05/2018 | 187 | *** WITHDRAWN PER ORDER DATED 6/8/2018 *** Unopposed MOTION for Leave to File *Oversized Brief*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Reply Brief, # 2 Text of Proposed Order)(Stephenson, James) Modified on 6/11/2018 (SWM). (Entered: 06/05/2018) |
| 06/05/2018 | 188 | Unopposed MOTION for Leave to File *Oversized Brief*, filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Reply brief, # 2 Text of Proposed Order)(Stephenson, James) (Entered: 06/05/2018) |
| 06/05/2018 | 189 | MOTION to Withdraw 187 Unopposed MOTION for Leave to File *Oversized Brief* , filed by Defendants CITY OF CARMEL, AARON |

| | | DIETZ. (Attachments: # 1 Text of Proposed Order)(Stephenson, James) (Entered: 06/05/2018) |
|---|---|---|
| 06/06/2018 | 190 | REPLY in Support of Motion re 157 MOTION for Summary Judgment , filed by Defendant UNITED STATES. (Attachments: # 1 Exhibit W, Whisenand Dep. excerpts)(Woods, Shelese) (Entered: 06/06/2018) |
| 06/06/2018 | 191 | REPLY in Support of Motion re 154 MOTION for Summary Judgment , filed by Defendant GARY WHISENAND. (Attachments: # 1 Exhibit W, Whisenand Dep. excerpts)(Woods, Shelese) (Entered: 06/06/2018) |
| 06/08/2018 | 192 | MOTION *PETITION FOR PERMISSION TO SUBMIT SUPPLEMENTAL DESIGNATION OF EVIDENCE*, filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, LARRY LEY, RONALD VIERK. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Petition for Permission to Submit Supplemental Designation of Evidence, # 2 Supplement Supplemental Designation of Evidence in Opposition to Summary Judgment, # 3 Exhibit Exhibit 145 - Report of Investigation from Gary Whisenand's Deposition)(Fisher, James) (Entered: 06/08/2018) |
| 06/08/2018 | 193 | ORDER granting Defendants City of Carmel and Aaron Dietz's 188 Motion for Leave to File an oversized reply brief, no more than 33 pages in length. On or before June 11, 2018, Defendants City of Carmel and Aaron Dietz shall refile their reply brief in support of their motion for summary judgment filed at Docket No. 188-1. See Order for additional information. Signed by Magistrate Judge Mark J. Dinsmore on 6/8/2018. (SWM) (Entered: 06/08/2018) |
| 06/08/2018 | 195 | ORDER withdrawing Defendants' 187 Motion for Leave to File Oversized Brief; granting Defendants' 189 Motion to Withdraw Dkt. Number 187. Signed by Magistrate Judge Mark J. Dinsmore on 6/8/2018. (SWM) (Entered: 06/11/2018) |
| 06/11/2018 | 194 | REPLY in Support of Motion re 148 MOTION for Summary Judgment , filed by Defendants CITY OF CARMEL, AARON DIETZ. (Attachments: # 1 Errata sheet of Marc Klein)(Stephenson, James) (Entered: 06/11/2018) |
| 07/17/2018 | 196 | ORDER granting Plaintiffs' 192 Motion (Petition) for Permission to Submit Supplemental Designation of Evidence. The Clerk is directed to refile Plaintiffs' Supplemental Designation of Evidence in support of Plaintiffs' Brief in Opposition to Defendant's Motions for Summary Judgment, as well as Exhibit 145 attached to Plaintiffs' Petition for Permission [Dkts. 192- 2 & 192-3], which are deemed filed as of the date of this order. Signed by Magistrate Judge Mark J. Dinsmore on 7/17/2018. (SWM) (Entered: 07/18/2018) |
| 07/17/2018 | 197 | Supplemental Designation of Evidence re 179 Response in Opposition to Motion and 180 Appendix of Exhibits in Support, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY, ANDREW DOLLARD and ERIC LEY (Attachments: # 1 Exhibit 145 - DEA Report of Investigation)(SWM) Modified on 7/18/2018 (SWM). (Entered: 07/18/2018) |

| 07/19/2018 | 198 | MOTION to Strike , filed by Defendants UNITED STATES, GARY WHISENAND. (Attachments: # 1 Exhibit 1, Dr. Miller Report)(Woods, Shelese) (Entered: 07/19/2018) |
|---|---|---|
| 07/19/2018 | 199 | BRIEF/MEMORANDUM in Support re 198 MOTION to Strike , filed by Defendants UNITED STATES, GARY WHISENAND. (Woods, Shelese) (Entered: 07/19/2018) |
| 07/20/2018 | 200 | NOTICE of Appearance by Rosemary L. Borek on behalf of Defendants CITY OF CARMEL, AARON DIETZ. (Borek, Rosemary) (Entered: 07/20/2018) |
| 07/20/2018 | 201 | OBJECTION *to Plaintiffs' Expert Testimony and Opinions* by CITY OF CARMEL, AARON DIETZ. (Borek, Rosemary) (Entered: 07/20/2018) |
| 07/20/2018 | 202 | ORDER denying Plaintiffs' 181 Motion for Permission to Take Additional Liability Discovery to depose James Brainard. See Order. Signed by Magistrate Judge Mark J. Dinsmore on 7/20/2018. (SWM) (Entered: 07/20/2018) |
| 07/25/2018 | 203 | Unopposed MOTION for Extension of Time to File Response to September 14, 2018 re 198 MOTION to Strike , filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, LARRY LEY, RONALD VIERK. (Attachments: # 1 Text of Proposed Order)(McQuary, Jeffrey) (Entered: 07/25/2018) |
| 08/06/2018 | 204 | ORDER granting Plaintiff's 203 Motion for Extension of Time to File Response to 9/14/2018 re 198 MOTION to Strike. No further enlargement of this deadline will be granted. Signed by Magistrate Judge Mark J. Dinsmore on 8/6/2018. (SWM) Modified on 8/7/2018 (SWM). (Entered: 08/07/2018) |
| 09/13/2018 | 205 | RESPONSE in Opposition re 198 MOTION to Strike *Report and Testimony of Dr. Norman Miller*, filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, LARRY LEY, RONALD VIERK. (Attachments: # 1 Exhibit Exhibit A - Dr. Miller CV, # 2 Exhibit Exhibit B - Dr. Miller Court Transcript - Pgs 1051 to 1083, # 3 Exhibit Exhibit B - Dr. Miller Court Transcript - Pgs 1084 to 1115, # 4 Exhibit Exhibit B - Dr. Miller Court Transcript - Pgs 1116 to 1149)(Fisher, James) (Entered: 09/13/2018) |
| 09/14/2018 | 206 | RESPONSE in Opposition re 198 MOTION to Strike *Report and Testimony of Dr. Norman Miller*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Attachments: # 1 Exhibit Exhibit A - Dr. Miller CV, # 2 Exhibit Exhibit C - Pgs 1051-1083_Ley_Ob, # 3 Exhibit Exhibit C - Pgs 1084-1115_Ley_Ob, # 4 Exhibit Exhibit C - Pgs 1116-1149_Ley_ob) (Fisher, James) (Entered: 09/14/2018) |
| 09/14/2018 | 207 | RESPONSE in Opposition re 198 MOTION to Strike , filed by Plaintiffs LUELLA BANGURA, RONALD VIERK. (McQuary, Jeffrey) (Entered: 09/14/2018) |
| 09/18/2018 | 208 | MOTION to Withdraw Attorney Appearance , filed by Defendants |

| | | UNITED STATES, GARY WHISENAND. (Attachments: # 1 Text of Proposed Order)(Richards, Debra) (Entered: 09/18/2018) |
|---|---|---|
| 09/19/2018 | 209 | ORDER granting 208 Motion to Withdraw Attorney Appearance. Attorney Debra G. Richards withdrawn and TERMINATED. Signed by Magistrate Judge Mark J. Dinsmore on 9/19/2018. (CBU) (Entered: 09/20/2018) |
| 09/20/2018 | 210 | REPLY in Support of Motion re 198 MOTION to Strike , filed by Defendants UNITED STATES, GARY WHISENAND. (Woods, Shelese) (Entered: 09/20/2018) |
| 09/20/2018 | 211 | NOTICE *(Reply in Support of Defendants Dietz and City of Carmel's Objections to Expert Testimony and Opinions of Norman Miller)*, filed by Defendants CITY OF CARMEL, AARON DIETZ, re 201 Objection. (Borek, Rosemary) (Entered: 09/20/2018) |
| 03/08/2019 | 212 | ENTRY ON MOTIONS FOR SUMMARY JUDGMENT - Defendants' motions for summary judgment are GRANTED. With respect to case number 1:16-cv-01721-RLY-MJD, Dietz and the City of Carmel's motion (Filing No. 151) is GRANTED, Whisenand's motion (Filing No. 159) is GRANTED, and the United States' motion (Filing No. 162) is GRANTED. The motion to strike (Filing No. 200) is DENIED as MOOT. With respect to case number 1:16-cv-01908-RLY-MJD, 148 Dietz and the City of Carmel's Motion for Summary Judgment is GRANTED. 154 Whisenand's Motion for Summary Judgment is GRANTED. 157 United States' Motion for Summary Judgment is GRANTED. 198 Motion to Strike is DENIED as moot. Final judgment shall issue by separate order. See Entry for details. Signed by Judge Richard L. Young on 3/8/2019. (LBT) (Entered: 03/08/2019) |
| 03/08/2019 | 213 | CLOSED JUDGMENT in favor of Defendants and against Plaintiffs. Signed by Judge Richard L. Young on 3/8/2019.(LBT) (Entered: 03/08/2019) |
| 03/21/2019 | 214 | BILL OF COSTS by CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 03/21/2019) |
| 03/22/2019 | 215 | BILL OF COSTS by UNITED STATES. (Attachments: # 1 Exhibit AO-133 Bill of Costs)(Woods, Shelese) (Entered: 03/22/2019) |
| 03/22/2019 | 216 | ***PLEASE DISERGARD. DUPLICATE FILING OF 213 *** MOTION for Bill of Costs , filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) Modified on 3/27/2019 (JRB). (Entered: 03/22/2019) |
| 03/26/2019 | 217 | RESPONSE in Opposition re 216 MOTION for Bill of Costs , 214 BILL OF COSTS by CITY OF CARMEL, AARON DIETZ, 215 BILL OF COSTS by UNITED STATES *OBJECTION TO BILL OF COSTS*, filed by Plaintiffs GEORGE AGAPIOS, LARRY LEY. (Fisher, James) (Entered: 03/26/2019) |
| 03/28/2019 | 218 | RESPONSE in Opposition re 214 BILL OF COSTS by CITY OF |

| | | |
|---|---|---|
| | | CARMEL, AARON DIETZ, 215 BILL OF COSTS by UNITED STATES , filed by Plaintiffs LUELLA BANGURA, RONALD VIERK. (McQuary, Jeffrey) (Entered: 03/28/2019) |
| 04/01/2019 | 219 | REPLY in Support of Motion re 214 BILL OF COSTS by CITY OF CARMEL, AARON DIETZ , filed by Defendants CITY OF CARMEL, AARON DIETZ. (Stephenson, James) (Entered: 04/01/2019) |
| 04/01/2019 | 220 | REPLY in Support of Motion re 215 BILL OF COSTS by UNITED STATES , filed by Defendant UNITED STATES. (Woods, Shelese) (Entered: 04/01/2019) |
| 04/03/2019 | 221 | NOTICE OF APPEAL as to 212 Order on Motion for Summary JudgmentOrder on Motion to Strike, 213 Closed Judgment, filed by Plaintiff LARRY LEY. (Filing fee $505, receipt number 0756-5365484) (Fisher, James) Modified on 4/3/2019 to add link to related document (MAT). (Entered: 04/03/2019) |
| 04/03/2019 | 222 | DOCKETING STATEMENT by LARRY LEY re 221 Notice of Appeal (Fisher, James) (Entered: 04/03/2019) |
| 04/03/2019 | 223 | NOTICE OF APPEAL as to 212 Order on Motion for Summary JudgmentOrder on Motion to Strike, filed by Plaintiffs GEORGE AGAPIOS, LUELLA BANGURA, RONALD VIERK. (Filing fee $505, receipt number 0756-5365529) (Fisher, James) (Entered: 04/03/2019) |
| 04/03/2019 | 224 | DOCKETING STATEMENT by GEORGE AGAPIOS, LUELLA BANGURA, RONALD VIERK re 223 Notice of Appeal (Fisher, James) (Entered: 04/03/2019) |
| 04/03/2019 | 225 | PARTIES' SHORT RECORD re 221 Notice of Appeal **- Instructions for Attorneys/Parties attached.** (MAT) (Entered: 04/03/2019) |

**Case #: 1:16-cv-01908-RLY-MJD**